## SNYDER ET AL. v. STATE, FOR THE USE OF CATHERINE DONNELLY.

OFFICIAL BONDS—ESTATE OF DECEASED SURETY LIABLE ON—BOND OF SOLE EXECUTRIX AND LEGATEE OF DECEASED SURETY.

1. The estate of a deceased surety upon an official bond is liable for official misapplication of funds occurring subsequent to the death of such surety.

2. A change in the law relating to a public officer, requiring him to account for the fees of his office which, when he was elected, constituted his compensation, does not have the effect to discharge his sureties from all liability upon his bond.

3. An increase in the responsibilities of a public officer in matters which properly pertain to his office does not have

the effect to discharge the sureties on his bond from liability.

4. The term "debts" as used in the statutes relating to estates of deceased persons is not limited to such as are strictly legal debts, but includes every claim and demand by a creditor whether recoverable at law or in equity.

5. Under a bond given by a sole executrix and legatee to pay the debts of testator, the principal and sureties are liable upon an official bond signed by testator as surety for a mis-application of funds by the officer occurring after the giving of the bond by such executrix and legatee.

[Decided May 29, 1895.   Commenced in District Court January 31, 1894.]

ERROR to District Court for Laramie County, HON. RICHARD H. SCOTT, JUDGE.

Suit was brought in the name of the State for the use of Catherine Donnelly against Priscilla M. Snyder, Joseph A. Breckons, Ephraim S. Johnston and Abram Underwood. The petition alleged that on September 11, 1890, one Samuel Atkinson was elected clerk of the district court of the County of Laramie, for the term ending January 2, 1893. That he executed his official bond with Albert D. Kelley, John K. Jeffrey, Albert C. Snyder and George L. Beard as sureties, whereby the principal and sureties obligated and bound themselves in the sum of $10,000, upon the conditions set forth in the bond, which were that said Atkinson should faithfully account for all moneys which should come into his hands as clerk aforesaid, and should faithfully discharge all the duties of said office during his continuance therein. That on March 18, 1892, there was paid into his hands as such clerk in a certain condemnation proceeding $357.50, for the use of Catherine Donnelly. That said Atkinson did not account for said money, and did not pay the same to his successor, and said Catherine Donnelly never received it. That on March 23, 1891, one of the sureties, Albert C. Snyder, died, and Priscilla M. Snyder was appointed executrix of his last will, which was probated June 18, 1891. That, as sole executrix

named in the will, and also sole legatee, she gave a bond in the sum of $10,000, conditioned to faithfully discharge all the just debts and obligations of the late Albert C. Snyder, according to law. Upon this bond the defendants in the suit were principal and sureties, respectively. That said Catherine Donnelly obtained leave of the court to present her claim for the moneys paid to Atkinson for her use, to the said Priscilla M. Snyder as sole executrix and legatee as aforesaid, and did so present it on November 16, 1893, but the said claim was neither approved nor rejected, although ten (10) days had elapsed. It was then alleged that the condition of the bond of said Priscilla M. Snyder had been broken, and judgment was prayed for said sum of $357.50, with interest from October 20, 1893. A copy of each bond was attached to the petition. A general demurrer was filed to the petition, which was overruled, to which ruling exceptions were preserved. The defendants elected to stand on their demurrer, and judgment was awarded in favor of Catherine Donnelly against the defendants for the amount claimed, with costs. The said defendants prosecuted error. The statute under which the bond of the executrix and legatee was given reads as follows:

"If the person named as executor shall be also sole legatee, instead of the bond required by law of an executor, he may give a bond to the Territory of Wyoming in such sum and with such sureties as the probate judge may require, with a condition only to pay all the debts of the testator, and in such case he shall not be required to return an inventory or to take the oath required by law of an executor, and no other administration shall be required. Upon the execution and approval of such bond the estate of the testator shall vest absolutely in the sole legatee, and the debts of the testator shall become personal charges against such legatee. Upon the breach of the condition of such bond suit may be instituted thereon at the instance of any creditor, in the name of the Territory of Wyoming, for the use of such creditor." Rev. Stat., sec. 2239.

The clerk of court was elected at the first State election. At that time the laws of the territory provided fees for such officer which were retained as his compensation. The constitu-

tion required that all officers, with some minor exceptions, should be paid fixed salaries, and that the fees should be paid into the proper treasury. The first State legislature enacted a law to that effect, fixing the salary of the clerk, as well as of other officers.

*R. W. Breckons,* for plaintiff in error.

It was the duty of the county board to exact a new bond from the clerk upon the death of the surety (R. S., sec. 1911). It was not the intention that any surety should be liable for defaults of the principal after the death of one. (See R. S., sec. 1913.) The officers are supposed to have done their duty, and it must be presumed that a new bond was given, in which event there would be no liability upon the old one. The bond was given under the old law. Subsequent thereto the legislature made new provisions for such bond. Formerly he retained the fees of the office. The new law required them to be paid into the county treasury. The change was a material one, as to the liability of his sureties. (Roman v. Peters, 2 Rob. (La.), 479.) The word "obligations" in the legatee's bond was not required by statute, it is therefore surplusage. The condition to pay debts cannot refer to a claim arising after the bond was given (3 Blackstone, 154).

*Baird & Churchill,* for defendants in error.

The new bond required is but an additional security. (R. S., 1911, 1913; State v. Mitchell, 132 Ind., 461; P. M. Gen'l v. Munger, 2 Paine C. C., 189; U. S. v. Hoyt, 1 Blatch., 326; Murfree on Off. Bonds, secs. 794-5; U. S. v. Anderson, 1 Blatch., 330; People v. Cushing, 36 Hun., 483; State v. Crooks, 7 O., pt. 2, 221; N. Orleans v. Gauthreaux, 36 La. Ann., 109; Poole v. Cox, 9 Ired., 69; Moore v. Boudinot, 64 N. C., 190; Finch v. State, 71 Tex., 52.) The presumption is that a bond given for a term of an office, is security for the official acts during that term. (Murfree Of. B., sec. 88; S. C. Soc. v. Johnson, 1 McCord, 41; 10 Am. Dec., 644.) The neglect of other officers to perform their duty in requiring the principal in an official bond to discharge his duty by rendering an account, is no defense for the sureties against an

action for a subsequent breach of their bond. (Murfree, sec. 56; Sterns v. People, 102 Ill., 540; U. S. v. Kirkpatrick, 9 Wheat, 720; U. S. v. Van Zandt, 11 id., 184; U. S. v. Boyd, 15 Pet., 187; Jones v. U. S., 18 Wall., 602; Ryan v. U. S., 19 id., 514; U. S. v. Nicoll, 12 Wheat., 505; Finch v. State, 71 Tex., 52; Hart v. U. S., 5 Otto, 316; Gibbons v. U. S., 8 Wall., 269.) The new duties being germane to the office, the change did not affect the bond. (Governor v. Ridgway, 12 Ill., 14; People v. Leet, 13 id., 261; U. S. v. McCarney, 1 Fed., 104.) So soon as the law imposed the duty, the bond became obligatory on him for a faithful performance thereof. (Bartlett v. Gov'r, 2 Bibb, 586; People v. Vilas, 36 N. Y., 459; Walker v. Chapman, 22 Ala., 116; People v. McHatton, 7 Ill., 638; People v. Blackford, 16 id., 166; Ills. v. Ridgway, 12 id., 14; Smith v. Peoria Co., 59 id., 412; Kindle v. State, 7 Blackf., 586; Cotter v. Morgan, 12 B. Mon., 278; Graham v. County, 9 Dana, 182; White v. Fox, 22 Me., 341; State v. Carleton, 1 Gill., 249; Marney v. State, 13 Mo., 7; Boody v. U. S., 1 Woods, 150; Com. v. Gabbert, 5 Bush., 438; King v. Nichols, 16 O. St., 80; U. S. v. Gansen, 2 Woods, 92; U. S. v. Singer, 15 Wall., 111.) But the liability in this case is for a breach of duty required when the bond was given. The liability in such case is clear. (Murfree, sec. 152; Throop on Pub. Off., sec. 278; Supervisors v. Clark, 92 N. Y., 391; Hatch v. Attleborrough, 97 Mass., 533; Com. v. Holmes, 25 Gratt., 771; La Fayette v. James, 92 Ind., 240; White S. M. Co. v. Mullins, 41 Mich., 339; State v. Cheaney, 52 Mo. App., 258.) The new law as to bond must be construed as prospective only. (Endlich Int'p, sec. 271; State v. Hill, 32 Minn., 275; State v. Stein, 13 Neb., 529.)

CONAWAY, JUSTICE.

Albert C. Snyder was one of the sureties upon the official bond of Samuel Atkinson as clerk of the district court of the first judicial district of the State of Wyoming for the County of Laramie, for the term ending January 2nd, 1893. On March 17, 1892, the sum of $357.50 was paid into court, into

the hands of said Atkinson as clerk, for the use of Catherine Donnelly. Atkinson never accounted for this money.

Albert C. Snyder died on March 23, 1891. He left a will, of which Priscilla M. Snyder, his wife, and one of the plaintiffs in error, is executrix. She is also sole legatee. On June 22, 1891, she gave a bond pursuant to an order of court and under a statute authorizing such proceeding to "faithfully discharge all of the just debts and obligations of the late Albert C. Snyder, according to law." She thereupon took possession of all of the assets of the decedent. Catherine Donnelly, by leave of the court, presented her claim on account of the above facts to Priscilla M. Snyder as executrix and sole legatee of Albert C. Snyder, on November 11, 1893, and caused a demand and proof of claim to be so presented on November 16, 1893, which claim had been neither approved nor rejected at the commencement of this action on January 31, 1894. To a petition setting up these facts a general demurrer was overruled. Plaintiffs in error declining to plead further, judgment was rendered against them for the amount of the claim, with interest from October 20, 1893, and costs.

The overruling of this demurrer and the giving of this judgment is assigned as error. Plaintiffs in error present three reasons in support of their assignments of error.

"First. Upon the death of Snyder, he, and his heirs at present, were released from the bond for any misapplication of funds occurring after his death."

No authority is given in support of this proposition. The authorities are directly opposed to it. (Am. & Eng. Enc. of Law, Vol. 24, p. 767, and authorities there cited.)

"Second. After the bond in question was given, the law was changed providing for a different kind of bond, thus releasing the sureties on the former bond for any misapplication occurring after the change in the law."

The argument is that the liability of the clerk was increased by the change in the law which requires him to account for the fees of the office, which were formerly his compensation. We cannot agree to the proposition that an increase in the responsibilities of the clerk in matters which properly pertain

to his office has the effect to discharge his sureties from all liability upon his bond. The liability of the clerk was not increased as to the subject matter of this action. The responsibility of the clerk of the court on his official bond for money deposited with him in his official capacity existed at the time of his election and qualification.

"Third. Under the terms of the legatee's bond in question, no recovery can be had for a misapplication occurring after the bond is given."

The bond was conditioned for the faithful discharge of "all of the just debts and obligations" of the deceased.

It is urged that the word "obligations" should be rejected as surplusage, because the statute required only a bond for the faithful discharge of "debts." Plaintiffs in error say in their brief: "It has always been held that one of the distinguishing features of the 'debt' is that it is a fixed and determinate sum and due from one person to another. And it is further claimed that it results from this definition that the sureties on the bond of the executrix became responsible only for all sums 'fixed and certain,' which Snyder owed at the time of his death."

There is no authority cited in support of this conclusion. We cannot approve of the proposition that under our statute the executor or administrator of a decedent becomes liable with his sureties only for such liabilities as are "fixed and certain," at the time of decedent's death. The following is a better statement of the law: "The term 'debts,' as used in the statutes relating to the estates of deceased persons, is not limited to such as are strictly legal debts, but manifestly includes every claim and demand by a creditor, whether recoverable at law or in equity." (5 Am. & Eng. Enc. of Law, p. 143.)

Whether the word "obligations" be rejected as surplusage or not, the result is the same. *The judgment is affirmed.*

GROESBECK, C. J., and POTTER, J., concur.