[Civ. No. 376. First Appellate District.—October 25, 1907.]

## EDWARD B. POND, Appellant, v. ANNIE FENTON DOUGHERTY, Trustee, etc., et al., Respondents.

PRINCIPAL AND SURETY—OFFICIAL BOND—PAYMENT BY SURETIES TO UNITED STATES—CLAIM AGAINST DISTRIBUTEES OF DECEASED CO-SURETY—SUBROGATION.—Where sureties on the official bond of a federal collector paid a judgment of the United States against them, they are entitled to enforce contribution against the distributees of the estate of a deceased cosurety, and to be subrogated to the rights of the United States against such distributees, including exemption from the necessity of ·presenting any claim against the estate.

ID.—FAILURE OF SURETIES TO PRESENT CLAIM—UNITED STATES NOT ·SUBJECT TO LIMITATIONS.—The failure of the sureties to present a claim against the estate of a deceased cosurety cannot bar their rights, where they assert subrogation to the rights of the United States, which is exempt from all statutes of limitation, and might enforce its rights directly against the distributees of the estate.

APPEAL from a judgment and order of the Superior Court of Santa Clara County, sustaining a demurrer to an amended complaint. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, for Appellant.

D. W. Burchard, and Jno. J. O'Toole, for Respondents.

KERRIGAN, J.—Appeal from judgment and order sustaining a demurrer to an amended complaint.

This is an action to enforce contribution by the distributees of the estate of William P. Dougherty, deceased, of the decedent's share of a. liability incurred by him, plaintiff and others, as sureties on an official bond given by Oscar M. Welburn, as principal, to the United States for the faithful discharge of Welburn's duties as deputy collector of internal revenue.

The facts alleged in the complaint are briefly as follows: December 26, 1893, Welburn was appointed collector of internal revenue for the first district of California. January

12, 1894, he gave a bond in the sum of $100,000 to the United States, with plaintiff and seven others, including William P. Dougherty, as sureties for the faithful performance of his duties as such collector. February 11, 1894, he entered upon the discharge of the duties of collector of internal revenue, and held the office until June 30, 1897. March 18, 1894, Dougherty died, and his will was admitted to probate April 6, 1894. Welburn having defaulted in his duties as internal revenue collector, an action was commenced February 11, 1898, in the United States circuit court by the United States against Welburn and his bondsmen, and against the executors of the Dougherty estate. While that action was pending, February 18, 1898, the superior court of Santa Clara county, in a decree in probate, after distributing the property of the Dougherty estate to the beneficiaries under the will, recites that since the settlement of the final account of the executors, and since the filing of their petition for distribution, the United States had presented a claim against the estate upon the Welburn bond; that an action had been commenced against the sureties, and that the sum of $10,000 would be sufficient to discharge the proper share of any judgment which might be obtained against the executors in said action. The decree also recites: "It is therefore ordered, adjudged and decreed that the distribution herein provided for shall be subject to the said lien and charge of $10,000 (ten thousand dollars) in the hands of said executors and said trustees, and to be held by them to meet and pay any said judgment that may hereafter be so recovered."

James M. Thorpe and James Dougherty, who were the executors of the Dougherty estate, acted as trustees therefor by virtue of the decree of distribution to them until May 4, 1899, when Thorpe died. After his death James Dougherty acted as sole trustee of the trusts until January 27, 1900, when he died, whereupon Annie Fenton Dougherty, one of the respondents herein, was appointed trustee. January 5, 1900, judgment was entered in the action of the *United States* v. *Welburn* and his bondsmen against all the defendants except the surviving executor of the Dougherty estate for $45,979.27 and $78.75 costs, and in favor of said executor that plaintiff take nothing by its action against him. The case was taken to the United States circuit court of appeals on a writ of error, and that court, October 7, 1901, entered its judgment

setting aside the judgment which the circuit court had rendered in favor of the Dougherty estate, and affirming the judgment which had been rendered against the other defendants. Thereupon, and without any further proceedings being had in the circuit court, the sureties, with the exception of the Dougherty estate, paid the judgment, which amounted with interest to $47,506.82. Prior to the commencement of this action five of the sureties who had paid the judgment of the United States assigned their claims for contribution against the Dougherty estate to the plaintiff Edward B. Pond.

The complaint was demurred to on the ground that it does not state facts sufficient to constitute a cause of action, and also upon several special grounds. The ground relied upon is the general ground of want of facts. The demurrer was sustained without leave to amend.

There can be no question that when one of several cosureties pays more than his share of the claim against all he may compel contribution from all the parties jointly liable with him, and that he is entitled to be subrogated not only to all the rights and securities which the creditor has against the principal debtor, but to all the rights and securities which the creditor has against cosureties.

Section 1432, Civil Code, provides: "A party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him."

Section 2849, Civil Code, provides: "A surety is entitled to the benefit of every security for the performance of the principal obligation held by the creditor, or by a cosurety at the time of entering into the contract of suretyship, or acquired by him afterward, whether the surety was aware of the security or not."

Section 2848 of the same code reads: "A surety, upon satisfying the obligation of the principal, is entitled to enforce every remedy which the creditor then has against the principal to the extent of reimbursing what he has expended, and also to require all his cosureties to contribute thereto, without regard to the order of time in which they became such."

It will be observed that the last-quoted section speaks of the right of subrogation as against the principal, and is silent on the question of subrogation as against a cosurety; but there can be no doubt that a surety who is compelled to pay the

debt of his principal is entitled to be subrogated to all the rights and remedies of the creditor as against his cosureties, in precisely the same manner as against the principal debtor. (27 Am. & Eng. Ency. of Law, 2d ed., p. 223.)

Appellant claims that, under these principles, he has a lien on the fund of $10,000 set aside by the order of the superior court of Santa Clara county, and that he is entitled to recover on this lien under section 2849, Civil Code, *supra.* This $10,000, we have seen, was to be held to meet and pay any judgment that might be recovered by the United States against Dougherty's executors. No such judgment was ever obtained. It is true that the judgment entered in the circuit court in favor of Dougherty's executors was set aside by the circuit court of appeals in *Pond* v. *United States,* 111 Fed. 989; and it would seem that, acting upon the mandate of the latter court, a judgment might have been rendered in the lower court in favor of the United States and against the executors of the Dougherty estate, but this was not done.

Appellant, however, chiefly relies on the fact that, having paid the judgment recovered by the United States against himself and his assignors, he is subrogated to all the rights and advantages which the United States may have had against the Dougherty estate. This is true unless the failure of Dougherty's cosureties to present their claims against his estate is a bar under sections 1493, 1500 and 1630, Code of Civil Procedure. But those sections do not apply to this case, because the original creditor here (to whose rights the appellant claims subrogation) was the United States, and it is well settled that the United States is exempt from all statutes of limitation. (*United States* v. *Nashville etc. Ry.,* 118 U. S. 126, [6 Sup. Ct. Rep. 1006]; *Pond* v. *United States,* 111 Fed. 989; U. S. Rev. Stats., secs. 3466, 3467, [U. S. Comp. Stats. 1901, p. 2314].) And it necessarily follows that the United States had a right to pursue the property of the deceased debtor into the hands of the distributees of his estate, to which right we think appellant was subrogated.

The United States had a perfect claim against the estate of William P. Dougherty, and the appellant and his assignors, having satisfied that claim, were subrogated to the position of the United States, with every right and remedy that the United States might have had, including exemption from the

6 Cal. App.—44

operation of statutes of limitations and statutes of nonclaim. (*American Bonding Co.* v. *National Mechanics' Bank,* 97 Md. 598, [99 Am. St. Rep. 466, 55 Atl. 395].) In this case the court says: "The appellant being subrogated to the right of the state in respect to its claim against the appellee, is entitled to the benefit of every right, lien and security which existed in favor of the state in reference to the claim. Among these may properly be classed the state's exemption from the running of the limitations against it. In *Orem* v. *Wrightson,* 51 Md. 34, [34 Am. Rep. 286], it was held that a surety who had paid the debt of the principal to the state was entitled to enjoy by subrogation the right of priority over other creditors in the distribution of the assets of the principal debtor, which would have existed in favor of the state as a creditor had the claim been asserted by it. The reasoning which led our predecessors to the conclusion there arrived at requires us to hold that the present appellant is entitled to stand in the state's position in reference to its claim against the appellee, and enjoy its exemption from the operation of the statute of limitations." (See, also, 1 Brandt on Suretyship, 3d ed., sec. 353; *Richeson* v. *Crawford,* 94 Ill. 165; *Schuessler* v. *Dudley,* 80 Ala. 547, [60 Am. Rep. 124, 2 South. 526].)

The judgment and order are reversed.

Cooper, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1907.