ELNA S. EVANS, FORMER ADMINISTRATRIX OF THE ESTATE OF J. W. EVANS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1340. Promulgated June 4, 1928.

*Garner W. Green, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

**OPINION.**

LITTLETON: The administratrix advances the "claim on non-liability as administratrix, because prior to the date of the assessment she had been discharged as administratrix, and upon the matter being called to the attention of the Chancery Court all things were found to have been by her done as by the State law required, and as an officer of the State court she was fully and finally discharged, and made distribution, without knowledge or notice of any demand whatsoever existing on the part of the Government for these taxes."

The return in connection with which the deficiency in question was determined is a return filed by the decedent, J. W. Evans, prior to his death, for the calendar year 1919. The return was due on March 15, 1920, and the Commissioner had five years from the time such return was due or was made, within which to make a determination and mail a deficiency notice. The deficiency notice which forms the basis of this action was received by the petitioner on November 14, 1924, and was, therefore, well within the original statutory period. Prior to this time, the estate of J. W. Evans had been administered, the debts of all creditors who filed claims pursuant to the published notices of the administratrix paid, the assets distributed, and the administratrix discharged. No claim was filed by or on behalf of the United States. No question is raised as to the correctness of the deficiency found by the Commissioner

to be due, the contention being that because of the foregoing facts the Commissioner is now precluded from pressing his claim for the deficiency in question.

It seems to be well established that a claim by the Federal Government is not barred for failure to present the same within the time prescribed by the State statute. Schouler on Wills, Executors and Administrators, vol. 3, sec. 2888, p. 2465, states the rule to be that:

Since the United States is not bound by statutes of limitation, a claim by it is not barred by failure to present it within the time limited by the statute.

In *Pond* v. *Dougherty, et al.*, 92 Pac. 1035; 6 Cal. Ap. p. 686, the court said:

Appellant, however, chiefly relies on the fact that, having paid the judgment recovered by the United States against himself and his assignors, he is subrogated to all the rights and advantages which the United States may have had against the Dougherty estate. This is true, unless the failure of Dougherty's cosureties to present their claims against his estate is a bar under sections 1493, 1500, 1630, Code Civ. Proc. But those sections do not apply to this case, because the original creditor here (to whose rights the appellant claims subrogation) was the United States, and *it is well settled that the United States is exempt from all statutes of limitation.* *U. S.* v. *Nashville, etc., Ry.*, 118 U. S. 126, 6 Sup. Ct. 1006, 30 L. Ed. 81; *Pond* v. *U. S.*, 111 Fed. 989, 49 C. C. A. 582; section 3466, 3467, U. S. Rev. St. [U. S. Comp. St., 1901, p. 2314]. (Italics supplied).

Likewise see *United States* v. *Backus*, 24 Fed. Cas., No. 14491, wherein the following statements appear:

\* \* \* The exclusive jurisdiction given to the probate court, in the settlement of decedents' estates, cannot affect the claims of the government, however it may bear on private claims. The mode of proceeding in the probate court, and the time given for the settlement of accounts, cannot regulate the claims of the government, nor affect the remedies given to it under its own laws. The demand in this case has been adjusted by the accounting department, under the laws of Congress, and there can be no obligation to present the account for adjustment, to the probate court of Michigan. Such a rule of procedure, would subject the action of the Federal government, to the regulation of a state government.

While it can not be doubted that the State court was well within its rights in discharging the petitioner as administratrix and thus terminating the administration of the estate in so far as the State was concerned, this can have no effect on the right of the Federal Government to assess and collect the taxes in controversy within the period of limitations prescribed by Congress. To hold otherwise would place undue limitations on the taxing power of the Federal Government under the Sixteenth Amendment of the Constitution and make the Federal statutes yield to State statutes which are in conflict therewith.

Nor do we think the fact that the petitioner had been discharged as administratrix would preclude the United States from collecting such tax as might be due. Apparently, to take care of such contingencies as have here arisen, section 3467 of the Revised Statutes provides:

Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

While for many purposes a tax may not be considered a debt, it appears to be established that the term "debt" as used in the foregoing statute is not limited to a legal debt in its strictest sense, but is to be interpreted to include taxes. In *Price* v. *United States*, 269 U. S. 492, where section 3466, Revised Statutes, was under consideration and which appears to use the word "debt" in the same sense as in section 3467, the court said:

The word "debts" as used in R. S. § 3466 includes taxes.

The claim of the United States does not rest upon any sovereign prerogative; but the priority statutes were enacted to advance the same public policy which governs in the cases of royal prerogative; that is, to secure adequate public revenue to sustain the public burdens. *United States* v. *The State Bank of North Carolina,* 6 Pet. 29, 35. And to that end, § 3466 is to be construed liberally. Its purpose is not to be defeated by unnecessarily restricting the application of the word "debts" within a narrow or technical meaning. Cf. *Miller* v. *Robertson*, 266 U. S. 243, 248. The meaning properly to be attributed to that word depends upon the connection in which it is used in the particular statute and the purpose to be accomplished.

Also see *Snyder* v. *State*, 40 Pac. 441; 5 Wyo. 318, wherein the following statements are made:

* * * We can not approve of the proposition that under our statute the executor or administrator of a decedent becomes liable with his sureties only for such liabilities as are "fixed and certain" at the time of decedent's death. The following is a better statement of the law: "The term 'debts,' as used in the statutes relating to the estates of deceased persons, is not limited to such as are strictly legal debts, but manifestly includes every claim and demand by a creditor, whether recoverable at law or in equity." 5 Am. & Eng. Enc. Law, p. 143.

When, therefore, the petitioner became administratrix, one of the liabilities which existed was the liability to pay the Federal taxes here in question. The correctness of the deficiency is not questioned. The tax that the Commissioner is claiming became due to the United States when the decedent filed his return for 1919 and was payable in that year upon the dates fixed for the payment of the installments. The fact that the Commissioner had not determined the existence of the liability prior to the discharge of the administratrix does not alter the fact that the liability of the estate to pay the tax existed prior to such discharge and that it was due to be satisfied from the

assets of the estate. It would seem that Congress had such a situation as this in mind when it inserted in the five-year limitation provision of section 250 (d) of the Revenue Act of 1921 the provision, "that in the case of income received during the lifetime of a decedent, all taxes due thereon shall be determined and assessed by the Commissioner within one year after written request therefor by the executor, administrator, or other fiduciary representing the estate of such decedent." No such request was made by the administratrix in this case.

The Board is of the opinion that the fact that an estate has been administered and the administratrix discharged does not operate to defeat the right of the Government to collect from the estate within the statutory period provided by Congress such taxes as are admittedly due on account of a return filed by the decedent. See *Joseph Simon*, 9 B. T. A 84.

Reviewed by the Board.

*Judgment will be entered for the respondent.*