## In re CHARLES NELSON CO. et al.
### No. 27277—S.

District Court, N. D. California, S. D.

Aug. 25, 1939.

Keith & Creede, of San Francisco, Cal., for petitioner Great American Indemnity Co.

Sterling Carr, of San Francisco, Cal., for debtors' trustee.

ST. SURE, District Judge.

The question for decision is whether compensation for disability under the Longshoremen's and Harbor Workers' Compensation Act[1], injuries suffered before but awards made after proceedings for reorganization under § 77B of the Bankruptcy Act[2], shall be paid by debtors as an expense of administration.

The facts are not in dispute. Briefly they are as follows: Since February 7, 1931, and until about February 5, 1936, debtors paid compensation under the Longshoremen's and Harbor Workers' Compensation Act, hereinafter called the Longshoremen's Act. Debtors were self-insurers, having obtained from the Great American Indemnity Co., a corporation, hereinafter called petitioner, indemnity bonds required by the Longshoremen's Act. The bonds were issued merely as an accommodation to debtors, no collateral being asked by the insurer and only a nominal premium being charged. Debtors entered into an agreement with petitioner, "assuming any liability whatsoever" and holding petitioner "harmless from and against any liability or expense whatsoever" by reason of the insurance.

On February 5, 1936, debtors filed their petition for relief under § 77B of the National Bankruptcy Act, and discontinued payments of compensation on the ground that they had no fund out of which to make payments and no order of court authorizing payments to be continued. Subsequently an order was made by this court, authorizing payments of compensation for injuries to employees occurring after pro-

---

[1] Act of March 4, 1927, 33 U.S.C.A. § 901 et seq.

[2] National Bankruptcy Act of 1934, 11 U.S.C.A. § 207.

ceedings for reorganization, but no provision was ever made or requested for payment . of compensation awarded and due after the date of § 77B proceedings for injuries happening before.

Upon refusal of debtors to continue payments the injured employees applied to the United States Employees' Compensation Commission and obtained awards and orders requiring the debtors, and petitioner as surety, to make the payments due subsequent to reorganization proceedings. Debtors again refused to make such payments on the same grounds as before. Petitioner was compelled to and did make the payments to the injured employees as ordered by the Commission, and has paid out $11,239.62.

Prior to reorganization proceedings debtors had obtained from the United Kingdom Mutual Steam Ship Assurance Association, Limited, of London, England, a policy of protection and indemnity to reimburse the debtors for liability for all sums in excess of $2,500 which it paid out because of injuries to employees engaged in work on certain vessels. This insurance is applicable to two claims referred to in the petition, upon which the London Company is holding for the benefit of debtors the sum of $4,368.61, which will be paid to them when petitioner's claim is settled. Counsel for debtors' trustee suggests "that petitioner should be allowed an equitable lien against those funds," thereby reducing petitioner's claim to $6,871.01, which he thinks should be treated only as a general creditor's claim in bankruptcy.

■ It is the rule in California that a surety who pays the debt of his principal is subrogated to all the rights and priorities of the creditor.[3] While recognizing this rule, counsel for the trustee urges the court to deny petitioner's request to have its claim allowed as an expense of administration, contending that the provisions of the National Bankruptcy Act supply the measure of petitioner's recovery.

■ In this counsel is mistaken, because the debtors have not been and are not in bankruptcy. Section 77B of the Bankruptcy Act on corporation reorganization confers upon the court powers "which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature."[4] In a recent case[5], a reorganization proceeding under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, the late Mr. Justice Cardozo, in refusing to answer a question for the Supreme Court as to whether the equity rule or the bankruptcy rule applied to the right of set-off,

[3] 23 California Jurisprudence, p. 1078, § 64; Pond v. Dougherty, 6 Cal.App. 686, 92 P. 1035.

[4] Section 77B(a) of the Bankruptcy Act [11 U.S.C.A. § 207(a)] provides in part: "Any corporation which could become a bankrupt under section 4 [11 U.S.C.A. § 22] of this Act [title], and any railroad or other transportation corporation, except a railroad corporation authorized to file a petition * * * under the provisions of section 77 [11 U.S.C.A. § 205] of this Act [chapter], and except as hereinafter provided, may file an original petition. * * * Upon the filing of such a petition * * * the judge shall enter an order either approving it as properly filed under this section if satisfied that such petition * * * complies with this section and has been filed in good faith, or dismissing it. If the petition * * * is so approved, an order of adjudication in bankruptcy shall not be entered and the court in which such order approving the petition * * * is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section, and shall have and may exer- cise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature."

From In re Philadelphia Rapid Transit Co., D.C., 16 F.Supp. 941, 947: "* * * the jurisdiction of the court in 77B proceedings, although primarily administrative, is distinctly equitable. In re Sterba [7 Cir.], 74 F.2d 413. The exclusive jurisdiction of the court over the debtor and its property is the same as the court would have if it had appointed a receiver in equity to take possession. In re Nineteenth & Walnut Streets Corp., D.C., 9 F.Supp. 625; Continental, etc., Company v. Nineteenth & Walnut Streets Corp. [3 Cir.], 79 F.2d 284; and see to the same effect subdivision (a) of section 77B (11 U.S.C.A. § 207(a). The federal courts administer the general law of equity, as accepted in England, and as generally administered in this country. James v. Gray [1 Cir.], 131 F. 401, 1 L. R.A.,N.S., 321."

[5] Lowden v. Northwestern National Bank & Trust Co., 298 U.S. 160, 163, 56 S.Ct. 696, 698, 80 L.Ed. 1114.

upon the ground that the question was too "general and abstract," significantly observed that "A proceeding to reorganize is not a bankruptcy, though an amendment to the bankruptcy act creates and regulates the remedy." There was also some discussion by the learned Justice indicating that the right of set-off must fit itself to the procedural conditions. In connection with the present proceeding, the court has a lively knowledge that the debtors' estate has been but recently removed from impending bankruptcy by the proposal, acceptance, and confirmation of a plan of reorganization. A proceeding to reorganize does not reach the morass of bankruptcy until the court enters an order directing the trustee to liquidate the estate.[6]

At the commencement of these proceedings, § 17 of the Longshoremen's Act (44 Stat. 1434, 33 U.S.C.A. § 917) provided that "Compensation shall have the same preference of lien against the assets of the carrier or employer without limit of amount as is now or may hereafter be allowed by law to the claimant for unpaid wages or otherwise." The applicable California statute read: "A claim for compensation for the injury or death of any employee, or any award or judgment entered thereon, has the same preference over the other debts of the employer, or his estate, which is given by law to claims for wages. Such preference is for the entire amount of the compensation to be paid. This section shall not impair the lien of any previous award."[7] In a well-reasoned decision Judge Chesnut construes § 917 and applies a Maryland statute in the case before him.[8] "It is a fair construction of section 917," says Judge Chesnut, "that Congress intended in the expression 'the same preference' to mean the rank or priority of preference given by the state law. And if so, then clearly by section 917 the extent of the preference here is without limit of amount."

As pointed out by Judge Chesnut (4 F.Supp. at page 297), "It should be borne in mind that the act of Congress is national in its scope though operating locally only through state legislation. It is true the application of the statute might have been made clearer if Congress had gone into more detail in section 917, in view of the different state statutes." Section 917 has since been amended by Congress, June 25, 1938, removing all doubt, if any there were, as to the status of compensation claims in reorganization proceedings. It was undoubtedly the intention of Congress from the inception of this remedial legislation to protect injured workmen by a preference "without limit of amount," and the clarifying amendment makes no change in the outcome of the instant case.

Because of the intrinsic nature of its claim petitioner has a superior right in equity to preference. Viewing the facts through equitable eyes, only one result can be seen, and that is favorable to petitioner. The letter of the law spells success for petitioner. Applying § 17 of the Longshoremen's Act and § 4908 of California's Labor Code to the facts, there is but one conclusion possible, and that is also favorable to petitioner.

The petition will be granted; debtors' trustee will be authorized and instructed

---

[6] Subdivision (k) of section 77B, 11 U.S.C.A. § 207(k) provides in part: "If an order is entered directing the trustee or trustees to liquidate the estate pursuant to the provisions of clause (8) of subdivision (c) of this section: * * * (4) claims which are provable under section 63 [11 U.S.C.A. § 103] may be proved as provided in section 57 [11 U.S.C.A. § 93], except that the time within which proof may be made shall not expire until six months after the date of the last publication of the notice of the first meeting; (5) debts shall be entitled to priority as provided in section 64 [11 U.S. C.A. § 104]; * * * None of the sections enumerated in this subdivision (k), except subdivisions (g), (i), (j), and (m) of section 57 [11 U.S.C.A. § 93] * * * shall apply to proceedings instituted under this section 77B [11 U.S.C.A. § 207] unless and until an order has been entered directing the trustee or trustees to liquidate the estate. All other provisions of this Act [title], except such as are inconsistent with the provisions of this section 77B [11 U.S.C.A. § 207], shall apply to proceedings instituted under this section, whether or not an order to liquidate the estate has been entered. * * *"

From a reading of subdivision (g), (i), (j), and (m) of § 57 of the Bankruptcy Act, 11 U.S.C.A. § 93 (g, i, j, m), it is obvious, they do not apply here.

[7] California Labor Code, § 4908. St. 1937, p. 288.

[8] Pyrites Co. v. Davison Chemical Co., D.C., 4 F.Supp. 294, 296; Cf. Mastin & Co. v. Pickering Lumber Co., D.C., 2 F.Supp. 605; Bowen v. Hockley, 4 Cir., 71 F.2d 781.

to pay petitioner's claim by right of subrogation as an expense of administration; the trustee will also be instructed to execute such releases and receipts as may be necessary to obtain from the London insurance company the money held by it for the benefit of debtors. Counsel for petitioner may prepare and submit a form of order.