JOSEPH SIMON, LATE EXECUTOR, ESTATE OF ANNA M. MAXWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2732. Promulgated November 14, 1927.

*Joseph Simon, Esq.*, pro se.
*Warren F. Wattles, Esq.*, for the respondent.

## OPINION.

ARUNDELL: Petitioner questions the right of respondent to enforce a deficiency in the estate tax of decedent against him after his discharge as executor.

The Revenue Act of 1921 places upon the executor of the estate of a decedent the duties of notifying the Federal Government of his

appointment, of filing the estate-tax return, and of paying the estate tax. Sections 404 and 406. By section 407 it is provided:

If the executor files a complete return and makes written application to the Commissioner for determination of the amount of the tax and discharge from personal liability therefor, the Commissioner, as soon as possible and in any event within one year after receipt of such application, shall notify the executor of the amount of the tax, and upon payment thereof the executor shall be discharged from personal liability for any additional tax thereafter found to be due, and shall be entitled to receive a receipt or writing showing such discharge.

As far as the record shows the petitioner made no effort to secure a discharge of his liability for the tax by the method described by section 407, and it is inconceivable that an executor by hastening administration and ignoring the prescribed means of absolution from liability can evade any tax liability. *Pennsylvania Cement Co.* v. *Bradley Contracting Co.*, 247 Fed. 1003.

In the recent case of *United States* v. *Rodenbough*, 21 Fed. (2d) 781, the court discusses the liability of executors in the following language:

All the Revenue Acts provide that the executor shall pay the tax. This establishes a direct and primary liability upon him which is necessarily personal. By Section 3467 of the Revised Statutes, any executor who pays any debt due by the estate before he satisfies debts due the United States becomes answerable in his own person or estate to the United States. The limitation provided by Section 407 of the Revenue Act of 1918 (1921?) was designed to terminate this personal liability after the Commissioner had finally fixed or had had reasonable time and opportunity to finally fix the amount of tax due.

The second point raised by petitioner is that as his appointment as executor was made by an Oregon court his possession and control of decedent's property were limited to the boundaries of that State and he therefore can not be charged with a tax liability arising from property situate in the State of Washington.

We agree that the Oregon letters testamentary have no extraterritorial force. The estate tax act, however, does not tax property as such but is an excise on the transfer of the net estate of a decedent. *Edwards* v. *Slocum*, 264 U. S. 61; *Y. M. C. A.* v. *Davis*, 264 U. S. 47; *Nichols* v. *Coolidge*, 274 U. S. 531. The property itself is only a means of measuring the value of the net estate, the transfer of which is taxed. It is upon this principle that the law imposing the Federal estate tax looks primarily to the domiciliary representative of a decedent, and not to a number of ancillary representatives, for a return listing the " * * * value * * * of all property * * * wherever situated." Executors are presumed to know the requirements of law regulating the return which they are required to make. *United States* v. *Ayer*, 12 Fed. (2d) 194; 5 Am. Fed. Tax Rep. 5935, 5940.

We do not have here any question as to whether the domiciliary representative might be liable for tax in excess of the amount of funds or property coming into his hands, as the final account filed with the probate court shows cash on hand far exceeding the tax liability.

We are without competent evidence as to the value of the Washington real estate and the value placed thereon by respondent must accordingly be allowed to stand as found by him. After issue was joined petitioner filed an amended petition alleging that the real estate in controversy was sold in the current year by decedent's heirs, and setting forth his willingness to pay a tax measured by the amount received on such sale. Respondent denied the averments of the amended petition and no proof thereof was offered.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and GREEN.