*Decision will be entered under Rule 50.*

SAMUEL KELLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JACOB PERBOHNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38096, 38098. Promulgated October 24, 1930.

*J. E. Hughes, Esq.*, for the petitioners.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

BLACK: These proceedings, brought under section 280 of the Revenue Act of 1926, present the question whether a liability exists in law or in equity on the part of these petitioners in respect of the tax liability of the Wilson Avenue Garage Co. for the years 1920 to 1923, inclusive, as a result of the receipt by them of transferred assets of the corporation.

The respondent recognizes that no liability attached on account of the sale of stock by the petitioners, but he does contend that the transfer of assets to themselves immediately before the sale of stock impaired the capital of the corporation to such an extent that an equitable liability was created against the transferees in favor of

the creditors. Also respondent contends that, aside from the liability as transferee of assets, at the time petitioners sold their stock in the corporation to Clifford, Glabaznya, and Bauer, they entered into a written agreement with the purchasers of the stock to assume and pay all the then existing liabilities of the corporation and that this agreement was broad enough to include the taxes involved in the present proceedings, which taxes, although not yet having been asserted by the Commissioner, at that time were nevertheless a potential liability against the corporation.

Respondent contends that such contractual liability evidenced by this agreement could have been sued upon in a court of law by those to whom the agreement was given and that inasmuch as the Government of the United States was one of the beneficial creditors, it now has a claim in equity against petitioners, makers of such agreement, under the principles of subrogation, because it can show and has shown, that the corporation which owed the tax is insolvent and no longer in business and that a proceeding against it would be useless. The burden of proving the existence of liabilities in law or in equity against the petitioners is placed upon the respondent by section 602 of the Revenue Act of 1928, under which the hearing of these proceedings was had.

We will discuss, first, the contention of respondent that under the principles of subrogation, the Government has an equitable claim against petitioners under the written agreement entered into by petitioners to assume and pay certain of the liabilities of the corporation which it owed at the time of the sale of their stock in the corporation to Clifford, Glabaznya, and Bauer. This agreement has been set out in full in our findings of fact and it is not necessary to now repeat its language. Suffice it to say, if this agreement were in fact broad enough in its language to include the taxes involved in this proceeding, we think respondent might well make the contention which he is now making with reference thereto. We feel, however, that it is unnecessary for us to decide that point because we hold that such agreement is not broad enough to include the taxes here in question.

Under the terms of the agreement the petitioners agreed to pay "the current bills" of the corporation then existing. The time of the agreement was August 8, 1925. We do not believe taxes for 1920, 1921, 1922, and 1923, then unknown to exist but subsequently asserted by the Commissioner, could be said to be included within the terms of "current bills" which the petitioners agreed to pay. We must, therefore, hold against respondent on this point. *Metropolitan Securities Corporation*, 19 B. T. A. 299.

We next take up the issue whether petitioners are transferees of assets of the corporation under such circumstances as to make

them liable under the trust fund doctrine. Now it must be admitted at the outset that petitioners are transferees of assets of the corporation to the extent of a value of at least $30,000. The nature and detail of these assets are set out in our findings of fact. But not every transferee of capital assets of a corporation is liable at law or in equity to the creditors of a corporation under the trust-fund doctrine. This trust can only be impressed upon assets of the corporation which are distributed on dissolution, or during the insolvency of the corporation, or when such distribution creates a condition of insolvency. *United States* v. *Armstrong*, 26 Fed. (2d) 227. If a corporation transfers a part of its assets to stockholders while it is solvent and is not made insolvent by the transfer, there is no liability either at law or in equity on the part of the stockholders who receive such distribution, even though the corporation subsequently becomes insolvent and is no longer able to pay its debts. *McDonald* v. *Williams*, 174 U. S. 397. In that case the court said:

The complainant bases his right to recover in this suit upon the theory that the capital of the corporation was a trust fund for the payment of creditors entitled to a portion thereof, and having been paid in the way of dividends to the shareholders that portion can be recovered back in an action of this kind for the purpose of paying the debts of the corporation. He also bases his right to recover upon the terms of Section 5204 of the Revised Statutes.

We think the theory of a trust fund has no application to a case of this kind. When a corporation is solvent, the theory that its capital is a trust fund upon which there is any lien for the payment of its debts has in fact very little foundation. No general creditor has any lien upon the fund under such circumstances, and the right of the corporation to deal with its property is absolute so long as it does not violate its charter or the law applicable to such corporation.

    \*       \*       \*       \*       \*       \*       \*

The bank being solvent, although it paid its dividends out of capital, did not pay them out of a trust fund. Upon the subsequent insolvency of the bank and the appointment of a receiver, an action could not be brought by the latter to recover the dividends thus paid on the theory that they were paid from a trust fund, and therefore were liable to be recovered back.

In *Hollins* v. *Brierfield Coal & Iron Co.*, 150 U. S. 371, 383, 385, it was stated by Mr. Justice Brewer, in delivering the opinion of the court, and speaking of the theory of the capital of a corporation being a trust fund, as follows:

In other words, and that is the idea which underlies all these expressions in reference to "trust" in connection with the property of a corporation, the corporation is an entity, distinct from its stockholders as from its creditors. Solvent, it holds its property as an individual holds his, free from the touch of a creditor who has acquired no lien; free also from the touch of a stockholder who, though equitably interested in, has no legal right to, the property. Becoming insolvent, the equitable interest of the stockholders in the property, together with their conditional liability to the creditors, places the property in a condition of trust, first, for the creditors, and then for the stockholders.

Whatever of trust there is arises from the peculiar and diverse equitable rights of the stockholders as against the corporation in its property and their conditional liability to its creditors. It is rather a trust in the administration of the assets after possession by a court of equity than a trust attaching to the property, as such, for the direct benefit of either creditor or stockholder.

So it seems to us that the important question for us to determine in this proceeding is whether, at the time the assets named in our findings of fact were transferred to petitioners, the corporation was made insolvent thereby. If it were made insolvent thereby, then unquestionably petitioners are liable as transferees under section 280 of the Revenue Act of 1926, as construed by the courts and the decisions of this Board.

In determining the question of insolvency, the liability for the taxes involved in this proceeding should be considered, although such liabilities were unknown at that time. A tax retroactively and subsequently levied is a potential liability of a corporation of which the stockholders must take notice. *United States* v. *Keaton*, 26 Fed. (2d) 227; *Updike* v. *United States*, 8 Fed. (2d) 913. Applying these tests, was the corporation made insolvent by the transfer of assets to petitioners, August 8, 1925? We think not.

The corporation was left without any debts of any kind, except the liability for the taxes involved in this proceeding then unknown at that time. Petitioners agreed to pay and did pay all of its current bills. It was left with a going business, having a gross income of $5,600 per month with physical assets worth several thousand dollars, and made a profit in the year 1925 of $3,819.48. Its statement of assets and liabilities as of December 31, 1925, shows it to be solvent. For this going business the purchasers, Clifford, Glabaznya, and Bauer, were willing to pay and did pay $20,000. The corporation continued in business until the expiration of its lease, June 30, 1927, when its physical assets were taken over by the partnership of Clifford & Glabaznya.

We have no evidence before us as to the value of the assets and the amount of the liabilities of the corporation at the time it ceased to do business and its assets were taken over by Clifford & Glabaznya. But it is not necessary for us to determine these matters. Clifford & Glabaznya are not before us as transferees. The only question we must determine is, Was the corporation made insolvent by reason of part of its assets being transferred to petitioners, August 8, 1925? And we hold that it was not.

Therefore, there is no liability against petitioners as transferees under section 280 of the Revenue Act of 1926.

Reviewed by the Board.

*Judgment will be entered for the petitioners.*

MARQUETTE, STERNHAGEN, PHILLIPS, and ARUNDELL dissent.