*Decision will be entered under Rule 50.*

ELIZA J. WRAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25881. Promulgated September 22, 1931.

*Frank C. Miller*, *C. P. A.*, and *W. A. Seifert*, *Esq.*, for the petitioner.
*E. A. Tonjes*, *Esq.*, and *J. E. Mather*, *Esq.*, for the respondent.

OPINION.

VAN FOSSAN: In his brief the petitioner's counsel does not discuss the first two allegations of error, but does not abandon them. The United States Supreme Court in *Phillips* v. *Commissioner of Internal Revenue*, 283 U. S. 589, affirming 15 B. T. A. 1218, held that section 280 of the Revenue Act of 1926 is not unconstitutional. We perceive nothing in the facts indicating that the statute of limitations barred the assessment or collection of the proposed deficiency against the petitioner.

There remains for our consideration, therefore, the sole issue of whether or not the respondent has sustained the burden of proof imposed upon him under section 602 of the Revenue Act of 1928, which provides:

Title IX of the Revenue Act of 1924 as amended, is further amended by adding at the end thereof two new sections to read as follows:

"TRANSFEREE PROCEEDINGS.

"SEC. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax."

\*       \*       \*       \*       \*       \*       \*

The respondent contends that he has met the burden of proof required of him when he has established that the tax in question was assessed against the Falconer Mirror Company; that it has not been paid; that the said company was dissolved; that the petitioner was the owner of 15 shares of stock of that corporation; and that it distributed to its stockholders a liquidating dividend of 46 per cent. The law and the facts in the case at bar do not support his view. As we said in *Continental Oil Co.*, 23 B. T. A. 311:  .

The provisions of section 280 constitute an extraordinary method of collecting the taxes of the person who is primarily liable therefor, and consequently they must be construed strictly against the respondent.

And in *Annie Temoyan et al., Trustees*, 16 B. T. A. 923, we said:

It is evident that the statute places a real burden on the Commissioner. He must establish the liabilty of the transferee against whom he proposes to proceed. He must establish all facts necessary to show that there is a liability at law or in equity on the part of the transferee for the payment of the whole or a part of the liability.

The mere facts that a corporation is dissolved and that its assets were distributed are not of themselves sufficient to hold the distributee. *Ludwig Vogelstein*, 16 B. T. A. 947. Section 221 of the General Corporation Law of the State of New York (McKinney's

Consolidated Laws of New York), provides, so far as material, as follows:

SEC. 221. *Dissolution of stock corporation before expiration of time limit.*— Any stock corporation, except a moneyed or a railroad corporation, may be dissolved before the expiration of the time limited in its certificate of incorporation or in its charter as follows:

1. The board of directors of any such corporation may at a meeting called for that purpose, upon at least three days' notice to each director, by a vote of a majority of the whole board, adopt a resolution that it is in their opinion advisable to dissolve such a corporation forthwith, and thereupon shall call a meeting of the stockholders for the purpose of voting upon a proposition that such corporation be forthwith dissolved. Such meeting of the stockholders shall be held not less than thirty nor more than sixty days after the adoption of such resolution, and the notice of the time and place of such meeting so called by the directors shall be published in one or more newspapers published and circulating in the county wherein such corporation has its principal office at least once a week for three weeks successively next preceding the time appointed for holding such meeting, and on or before the day of the first publication of such notice, a copy thereof shall be served personally on each stockholder, or mailed to him at his last known post-office address. * * *

2. The secretary of state shall thereupon issue to such corporation, in duplicate, a certificate of the filing of such papers and that it appears therefrom that such corporation has complied with this section in order to be dissolved, and one of such duplicate certificates shall be filed by such corporation in the office of the clerk of the county in which such corporation has its principal office; and thereupon such corporation shall be dissolved and shall cease to carry on business, except for the purpose of adjusting and winding up its business. The board of directors shall cause a copy of such certificate to be published * * * and at the expiration of such publication, the said corporation by its board of directors shall proceed to adjust and wind up its business and affairs with power to carry out its contracts and to sell its assets at public or private sale, and to apply the same in discharge of debts and obligations of such corporation, and, after paying and adequately providing for the payment of such debts and obligations, to distribute the balance of assets among the stockholders of said corporation, according to their respective rights and interests.

3. Said corporation shall nevertheless continue in existence for the purpose of paying, satisfying and discharging any existing debts or obligations, collecting and distributing its assets and doing all other acts required in order to adjust and wind up its business and affairs, and may sue and be sued for the purpose of enforcing such debts or obligations, until its business and affairs are fully adjusted and wound up.

It is obvious that the corporate existence of the Falconer Mirror Company continued after its dissolution. Indeed, the statute expressly authorizes such continuance for the very wise purpose of paying its creditors, collecting debts due to it, and doing such other acts as might be necessary in concluding its business. The taxes due from the Falconer Mirror Company are such debts as might have been collected from that corporation subsequent to its dissolution if there were funds available for their payment.

From the unsatisfactory condition of the record we are unable to determine whether or not the Falconer Mirror Company had in its possession funds or other assets from which the alleged additional taxes might have been paid. There is no evidence whether the "liquidating dividend" of 46 per cent was a complete or only a partial distribution of the funds of the corporation. The plant and equipment were sold for over $46,000. The liquidating dividends aggregated $27,600. We do not know what debts, if any, the corporation owed on October 16, 1922, but we do know that on January 1, 1922, it possessed in cash $261.01 and notes and accounts receivable, $16,626.01. Among the assets sold to the Falconer Plate Glass Company, notes and accounts receivable are not included. Therefore, it would seem that after paying the 46 per cent liquidating dividend the Falconer Mirror Company was able to pay the additional taxes assessed against it. The assessments were made in 1925. The record does not show that at that time the corporation or its representatives were unable to pay its alleged tax obligation or that respondent exhausted his resources in an attempt to collect from the corporation.

In *Kinnett-Odom Co.*, 19 B. T. A. 1124, we held that where the petitioner purchased from the taxpayer its tangible assets only and the taxpayer retained its cash, bills and accounts receivable and stock on hand, and the respondent did not prove that the value of these retained assets was less than the amount of the tax and there was no evidence of bad faith, there was no liability of the petitioner under section 280 of the Revenue Act of 1926. So far as we can gather from the record, a similar situation exists in the case at bar. Consequently, respondent has not proven liability on the part of the petitioner for the deficiencies asserted.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*