M. H. Graham, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Estate of H. C. Stone, Mrs. H. C. Stone, Executrix, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

G. H. Moore, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

H. C. Chenowith, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Estate of W. L. Hodges, Agnes Wiley Hodges, Executrix, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

W. L. Hodges, Trustee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 38335–38337, 38349–38351. Promulgated June 8, 1932.

*A. Calder Mackay, Esq., George M. Thompson, C. P. A.,* and *Dan J. Chapin, Esq.,* for the petitioners.

*J. A. Lyon, Esq.,* and *E. L. Updike, Esq.,* for the respondent.

302

OPINION.

LANSDON: The petitioner, W. L. Hodges, Trustee, is not a transferee within the meaning of section 280. He received assets amount-

ing to $115,358.87, as trustee in liquidation, and if any of the assets remained in his hands the respondent may proceed against them to satisfy liability of the taxpayer. Receipt of such assets as trustee, however, does not establish an individual liability. *Nathan Rolnick*, 20 B. T. A. 989; *Lillian Burke*, 21 B. T. A. 45; and *Ezra Gould*, 21 B. T. A. 824.

The respondent contends that he has established transferee liability by showing that each stockholder received a dividend of $700 per share in partial liquidation of the taxpayer. The facts show that the taxpayer was solvent at the date the dividend was declared and that it was not made insolvent by payment thereof. In such circumstances we have repeatedly held that no transferee liability has been established. We said in *Samuel Keller*, 21 B. T. A. 84, relying on *McDonald* v. *Williams*, 174 U. S. 397:

* * * If a corporation transfers a part of its assets to stockholders while it is solvent and is not made insolvent by the transfer, there is no liability either at law or in equity on the part of the stockholders who receive such distribution, even though the corporation subsequently becomes insolvent and is no longer able to pay its debts. * * *

See also *United States* v. *Updike*, 1 Fed. (2d) 550; 8 Fed. (2d) 913; *United States* v. *Armstrong*, 26 Fed. (2d) 227; *Kinnett-Odom Co.*, 19 B. T. A. 1124; *Eliza J. Wray*, 24 B. T. A. 94; and *Charles Havard*, 25 B. T. A. 1061.

The record does not show what disposition was made of the corporate assets amounting to $115,358.87 which were transferred to Hodges as trustee in liquidation. The respondent shows that he issued a warrant of distraint against Hodges as trustee and that it was returned unsatisfied, with the report that he had no property or assets of the taxpayer. The petitioners, Moore, Graham and Chenowith, testified that they received no assets of the taxpayer after payment of the $700 dividend and that no dividend was later paid. We think that respondent has failed to establish liability of these petitioners as transferees.

The respondent contends that each of the stockholders of the taxpayer is liable under section 322 of the Civil Code of California, Deering, 1917, which provides in part as follows:

*Liability of stockholders.* Each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation.

Section 280 of the Revenue Act of 1926 provides that the liability at law or in equity of a transferee of property of a taxpayer may be assessed, collected and paid in the same manner and subject to the same provisions as in the case of a deficiency in tax. The lia-

bility under section 322 of the California Civil Code is a statutory remedy and is not based on any transfer of assets. It is not such a liability as may be asserted under section 280 of the Revenue Act of 1926.

*Decision will be entered for the petitioners.*