HELEN DEAN WRIGHT, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53753–53755, 55505–55507, 57555, 57556.

Promulgated June 23, 1933.

*Sidney J. Hayles, Esq.,* for the petitioners.
*George D. Brabson, Esq.,* for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Mrs. H. H. Dean; H. H. Dean, Jr.; A. F. Dean; Dorothy Dean Harris; Coral Dean Spratlin; Frank M. Spratlin.

OPINION.

TRAMMELL: The respondent determined a deficiency in estate tax against the estate of the decedent H. H. Dean in the amount of $6,233.92. Two issues are raised respecting the correctness of that determination. The first issue, namely, whether the respondent erred in increasing the value of a reversionary interest in a certain building from $14,577.60 to $21,866.40, is conceded by the petitioners, and it is now agreed that the respondent's determination on that point is correct.

The second issue on the merits relates to the gift made by the decedent on December 3, 1926, to his son and daughter-in-law of certain real estate located in Atlanta, Georgia, having a value of $75,000. The respondent determined that this gift was made in contemplation of death, and included the value of the property in the gross estate. The petitioners contend that the gift was not made in contemplation of death, and assign said action of the respondent as error.

While it is a well recognized rule that contemplation of death need not be the sole cause of a gift in order to render the property

taxable, nor immediate death be contemplated, we think the petitioners have sustained the burden of proving that the gift here in question was in no sense made in contemplation of death.

The estate left by the decedent had a value in excess of $1,000,000, and the value of the gift involved was only $75,000, or less than 7½ percent of the whole estate. Similar gifts had been made by the decedent to his children over a period of six or seven years prior to his death, and the value of his estate, notwithstanding these gifts, continued to increase. The motive for making such gifts was to afford his children an opportunity to learn how to manage property and also to provide them with incomes independent of his personal contributions.

Prior to his death the decedent had not suffered from any serious illness, he had not been sick except for ordinary colds or other slight indispositions. He was strong and vigorous and in the active pursuit of his profession. Death occurred suddenly, without anticipation, as the result of swallowing a bone.

These facts, we think, indicate that contemplation of death was not the motivating cause which moved the decedent to make the gift in question. There is no more reason to say that this particular gift had death as its motivating cause, when the decedent was approximately 65 years of age, than to say that the first gift, made many years prior thereto, when the decedent was younger, was motivated by the same cause. It is our opinion, therefore, that the respondent was in error in including said gift in the decedent's gross estate at a valuation of $75,000.

The deficiency against the estate will be redetermined in accordance with the foregoing conclusions.

The third and fourth issues relate to the liability of the petitioners for the deficiency in tax due from the decedent's estate, either as transferees or fiduciaries, and will be considered together. The petitioners admit that each of them, with the exception of Frank M. Spratlin, received assets from the estate of a value greatly in excess of the deficiency asserted by the respondent.

But the petitioners contend that they are not liable either as transferees or as fiduciaries for the reason that the administration of the estate had been closed and the administrators discharged prior to the date on which the respondent asserted any deficiency against the estate. Except for this contention it is clear, and the petitioners concede, that each of them is liable as a transferee for the amount of any deficiency due, other than Frank M. Spratlin, who received nothing from the estate upon its distribution and against whom the respondent has asserted liability only as a fiduciary under the provisions of section 3467 of the Revised Statutes, pursuant to section 316 (a) (2) of the Revenue Act of 1926.

Broadly speaking, the question thus raised by the petitioners is whether transferees are liable, at law or in equity, for a tax due from the transferor where the Commissioner did not determine the amount of the deficiency and notify the transferor thereof prior to the distribution of the assets to the transferees.

In *United States* v. *Garfunkel*, 52 Fed. (2d) 727, this question was considered in connection with the liability of transferees of a dissolved corporation. In its opinion the court said:

> The further point is made that, since the dissolution and transfer of assets to the defendants took place several months prior to the assessment of the 1920 tax, there was no debt for the tax at the time of the transfer. The error is in the assumption that the tax liability did not arise until the making of the assessment. There is no need that the assessment against the corporation must precede the dissolution and distribution of assets, *or that the stockholders must have had notice of the unpaid tax before winding up.* * * * The defendants' liability comes from the fact that corporate taxes and debts are prior to claims of stockholders. [Italics supplied.]

See also *Leighton* v. *United States*, 61 Fed. (2d) 530.

We see no reason why the principles above stated should not be equally applicable in the present case. The rights of the petitioners as heirs at law to receive the assets of the decedent's estate upon distribution were subordinate to the right of the Government to subject those assets to the payment of the tax due from the estate. They took the assets as trustees for the Government to the extent of any deficiency in tax owing by the estate, and so are liable in equity as transferees. Such liability in no wise depends on a formal determination by the Commissioner of the amount due and the sending of notice to the estate or to the petitioners prior to distribution, but arises solely from the fact that the petitioners took the assets of the estate to which the Government had a prior right, and thus left the estate unable to pay the tax.

If the contention of the petitioners should be sustained, no liability on the part of the distributees of an estate as transferees, under section 316 (a), *supra*, could arise. If the Commissioner is required to determine the amount of tax due and send a notice of deficiency to the estate prior to the distribution of the assets and the termination of administration, as a condition precedent to the assertion of liability against the transferees of the estate's assets, the Commissioner could collect the tax from the estate, and there would be no point in deferring a collection until the administration had been closed in order to assert transferee liability against the distributees. The mere statement of this proposition exposes its fallacy.

We have repeatedly held that a transfer of assets does not necessarily result in transferee liability, and indeed does not result in such liability unless the taxpayer is thereby rendered insolvent and unable

to pay the tax. *Samuel Keller*, 21 B.T.A. 84; affd., 59 Fed. (2d) 499; *Charles Havard*, 25 B.T.A. 1161; *M. H. Graham*, 26 B.T.A. 301. See also *United States* v. *Armstrong*, 26 Fed. (2d) 227. So long as the original taxpayer is in existence and solvent, collection of the tax may not be enforced from a transferee. The remedy against the transferee may be pursued only when there is no available remedy against the transferor. *Wire Wheel Corporation of America*, 16 B.T.A. 737; affd., 46 Fed. (2d) 1013.

There was no liability on the part of these petitioners as transferees until the assets of the decedent's estate had been distributed to them and the estate left without means to pay its tax. Prior to the happening of that event there was no occasion for the respondent to send a notice to the petitioners. It was by reason of that occurrence that they became liable as transferees, and when the assets had been distributed to them the administration was closed and the administrators discharged. On the theory of the petitioners, no effect could be given to section 316 (a), *supra*, and its enactment would have to be regarded as futile. We think such a construction of this statute cannot be sustained.

On the facts established by the record herein and the law applicable thereto, we hold that the petitioners, with the exception of Frank M. Spratlin, are each liable as transferees for the deficiency in estate tax due from the decedent's estate.

This leaves for consideration the final question of personal liability of the petitioners H. H. Dean, Jr., and Frank M. Spratlin. These petitioners contend that they are not personally liable as fiduciaries for the same reason urged in bar of liability as transferees, that is to say, because the respondent did not assert any deficiency against the estate prior to the distribution of the assets and discharge of the administrators.

Precisely the same contention was made and was considered by us in the cases of *Joseph Simon, Executor*, 9 B.T.A. 84, *Elna S. Evans, Administratrix*, 12 B.T.A. 334; and *Karl J. Kaufmann, Administrator*, 15 B.T.A. 141, affirmed in part and reversed in part on another point, 44 Fed. (2d) 144.

In the *Simon* case, we held that the former executor was personally liable for a deficiency in estate tax, saying:

Petitioner questions the right of respondent to enforce a deficiency in the estate tax of decedent against him after his discharge as executor.

The Revenue Act of 1921 places upon the executor of the estate of a decedent the duty of notifying the Federal Government of his appointment, of filing the estate tax return, and of paying the estate tax. * * * As far as the record shows the petitioner made no effort to secure a discharge of his liability for the tax * * * and it is inconceivable that an executor by hastening administration and ignoring the prescribed means of absolution from liability can evade any tax liability.

In the *Evans* case we held that the former administratrix was personally liable for the tax due from the estate, notwithstanding the estate had been administered, the assets distributed, and the administratrix discharged without knowledge of the existence of the deficiency. In our opinion we said:

When, therefore the petitioner became administratrix, one of the liabilities which existed was the liability to pay the Federal tax here in question. The correctness of the deficiency is not questioned. The tax that the Commissioner is claiming became due to the United States when the decedent filed his return for 1919 and was payable in that year upon the dates fixed for the payment of the installments. The fact that the Commissioner did not determine the existence of the liability prior to the discharge of the administratrix does not alter the fact that the liability of the estate to pay the tax existed prior to such discharge and that it was due to be satisfied from the assets of the estate.

In the *Kaufmann* case we held, on authority of the *Evans* decision, *supra*, that the petitioner was personally liable for an income tax due on the decedent's estate, even though the deficiency notice was mailed after the estate had been fully administered, the petitioner discharged as administrator, and the assets distributed in accordance with a decree of the court having jurisdiction over the estate.

See also *United States* v. *Rodenbough*, 21 Fed. (2d) 781.

On authority of the above cited decisions, we hold in the present case that petitioners H. H. Dean, Jr., and Frank M. Spratlin, are, each, personally liable for the deficiency in controversy.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Van Fossan, Murdock, McMahon, Goodrich, Leech, and Adams concur in the result.