LEHIGH VALLEY TRUST COMPANY, EXECUTOR, ESTATE OF ELIZA G. NEWHARD, DECEASED, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILTON T. GEORGE, ADMINISTRATOR, ESTATE OF DANIEL GEORGE, DECEASED, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILTON T. GEORGE, ADMINISTRATOR, ESTATE OF ELLEMINA DIEHL, DECEASED, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILTON T. GEORGE, ADMINISTRATOR, ESTATE OF JEMIMA KLOTZ, DECEASED, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IRVIN ACHEY, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 75510–75513, 75532. Promulgated May 5, 1936.

*Lawrence H. Rupp, Esq.*, and *Fred B. Gernerd, Esq.*, for the petitioners.

*Dean P. Kimball, Esq.*, and *H. B. Linton, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: These proceedings were brought to contest respondent's action in proposing to assess against the several petitioners as transferees of the estate of Jonas George, deceased, the following amounts:

Lehigh Valley Trust Co., executor of estate of Eliza G. Newhard, deceased _____ $7,859.15
Milton T. George, administrator, estate of Daniel George, deceased____ 10,163.27
Milton T. George, administrator, estate of Ellemina Diehl, deceased___ 10,163.27
Milton T. George, administrator, estate of Jemima Klotz, deceased____ 10,163.27
Irvin Achey_____ 7,859.15

Respondent's action is based on the determination by him of a deficiency of $10,163.27 in income tax, penalty, and interest for the year 1928, due from the estate of Jonas George, deceased.

Two primary questions are presented:

(1) Whether the estate of Jonas George realized taxable gain from the sale in 1928 by the administrator of certain real estate.

(2) Whether petitioners are liable as transferees or distributees for such tax.

Respondent also contends that Milton T. George is personally liable for the tax under section 3467, Revised Statutes.

Certain facts were stipulated substantially as follows:

Jonas George died testate on March 7, 1912. His son, Alfred J. George, and John J. Weiler were named executors of his estate, but letters testamentary were granted to Alfred J. George and Ellen S. George, widow of Jonas George, both of whom served as such until their respective deaths. Alfred J. George died in 1925 and Ellen S. George died on October 4, 1927. Letters of administration c. t. a. d. b. n. were then granted to Milton T. George, who duly qualified as administrator of the estate, and converted all of its assets into cash except property known as 131 and 133 South Eighth Street in Allentown, Pennsylvania. Milton T. George is the petitioner in Docket Nos. 75511, 75512, and 75513 in his capacity as administrator of the estates of Daniel George, Ellemina Diehl, and Jemima Klotz, respectively.

The material portions of the will of Jonas George are as follows:

FOURTH: All my real estate that I may die seized of is NOT to be sold but to remain intact during the lifetime of my wife and my son Alfred J. and my hereinafter named Executors to pay all taxes and insurance and keep said real estate in good condition and repair. * * *

\* \* \* \* \* \* \*

SIXTH: The balance of my income from whatever source, I give and bequeath unto my son Alfred J. George for and during the term of his natural life.

In the event of his death, without leaving issue, then I give and bequeath unto my wife Ellen, the entire income of my estate from whatever source, after the payment of all expenses, taxes, insurance and repairs, during her lifetime.

In the event of the death of my said wife Ellen, before my said son Alfred J., then the entire income less expenses, taxes, insurances and repairs unto my son Alfred J. during his lifetime.

SEVENTH: After the death of both my wife Ellen and my said son Alfred J. then I direct all my real estate to be sold at private or public sale for the highest price that can be gotten for the same and a good and sufficient deed or deeds to be executed and delivered to the purchaser or purchasers thereof and out of the proceeds I direct a monument costing not less than Five Thousand Dollars ($5000.) to be erected on my burial lot in Union Cemetery, Allentown, Pa. and the balance I give and bequeath unto my brothers and sisters or their legal representatives share and share alike, deducting however from the balance before distribution is made, the sum of Two Hundred ($200.) Dollars, which I give and bequeath unto the Union Cemetery Association, the interest of which is to be used in keeping my burial lot, graves, tombstones and monument in good condition and repair.

During 1928 Milton T. George, as administrator of the estate of Jonas George, sold and converted into cash the real estate known as No. 716 Hamilton Street, Allentown, Pennsylvania. He received therefor $140,000. Its March 1, 1913, value was $50,000 and the improvements placed thereon from March 1, 1913, to the date of sale aggregated $835.38. The depreciation on the property for the same period was $5,933.33. Out of the proceeds of such sale the administrator paid $5,000 for a monument and $200 to the Union Cemetery Association for perpetual care, pursuant to the direction of the will.

On October 21, 1928, Milton T. George, as administrator of the Jonas George estate, made a partial distribution of the estate to representatives of some of the petitioners and to others. On April 29, 1929, he made a final distribution of the estate. Through both distributions the petitioners or their representatives received the following amounts:

| | |
|---|---|
| Estate of Daniel George | $15,718.30 |
| Estate of Ellemina Diehl | 15,718.30 |
| Estate of Jemima Klotz | 15,718.30 |
| Estate of Eliza G. Newhard | 7,859.15 |
| Irvin Achey | 7,859.15 |

On April 28, 1929, Milton T. George, as administrator of the estates of Daniel George, Ellemina Diehl and Jemima Klotz, after deducting the expenses of the administration, distributed to the various heirs their respective shares of such estates. In September 1929, under the terms of the will of Eliza G. Newhard, the Lehigh Valley Trust Co., executor of her estate, distributed to St. Paul's Evangelical Lutheran Church the sum of $6,400.67 out of the sum received from Milton T. George, administrator.

The difference between the amounts received by the various administrators from the estate of Jonas George and the amounts paid out by them was consumed in expenses of administration.

The distributions above referred to made by Milton T. George, as administrator of the estate of Jonas George, rendered said estate insolvent and without sufficient funds or assets with which to pay the tax here claimed by the Commissioner from said estate. There remained, however, the real property at Nos. 131 and 133 South Eighth Street, Allentown, Pennsylvania, which was sold by the collector of internal revenue on June 20, 1933, for the sum of $4,000. That amount was applied against the Federal income tax liability of the estate alleged by the Commissioner to have arisen as a result of the sale of the Hamilton Street property heretofore mentioned. There also remained money in the bank in the sum of $510.82, which was seized by the collector of internal revenue and applied against the alleged tax liability of the estate. After making allowance for said payments there remains an alleged liability of the estate of Jonas George, deceased, for income taxes for the year 1928 in the amount of $10,163.27.

In August 1929, the collector of internal revenue for the first district of Pennsylvania assessed against the estate of Jonas George income taxes for the year 1928 in the amount of $14,674.09. This total was composed of the following items:

| | |
|---|---|
| Tax | $11, 329. 07 |
| 25 percent penalty | 2, 832. 27 |
| Interest to July 31, 1929 | 512. 75 |
| Total | 14, 674. 09 |

The distribution heretofore referred to, made by Milton T. George, as administrator of the estates of Jemima Klotz, Daniel George, and Ellemina Diehl and by the Lehigh Valley Trust Co., as executor of the estate of Eliza G. Newhard, left the said estates insolvent and without any assets.

Neither the estate of Jonas George, deceased, nor Milton T. George, as administrator thereof, filed a Federal income tax return for the calendar year ended December 31, 1928.

On July 31, 1929, Milton T. George, as administrator of the estate of Jonas George, was advised of the Commissioner's claim of an income tax liability of $14,674.09 for the year 1928 against the said estate. Thereafter, but on or prior to September 13, 1929, the administrator was advised with respect to the assessment of the said tax by the collector.

By letter dated September 13, 1929, the administrator of the estate of Jonas George took exception to the tax liability thus determined. Thereupon the collector considered the said protest or exceptions and requested the Commissioner of Internal Revenue to forward any papers in the case in order that the case might be reconsidered. Claim for abatement was filed by the administrator of the estate of Jonas George and this was finally rejected in September of 1931. Thereafter the question of the liability of the administrator of the estate of Jonas George was the subject of further consideration by the Commissioner's office at the request of the attorney for the estate of Jonas George. This consideration extended up to the time of the mailing of the deficiency notices.

From the time the transferee liabilities were proposed by the Commissioner up to the dates of the notices of deficiency the said liabilities have been the subject of consideration by the Commissioner's office at the request of the petitioners.

After the rejection of the abatement claim, the collector took steps toward collection. The administrator therefore filed a protest claiming that the estate was not liable for any tax and submitted evidence in support of his contention. In order to consider the said protest and grant a hearing in the matter, the Commissioner suggested that the collector withhold collection of the tax, and he did so.

The following additional facts were adduced by testimony presented at the hearing:

On June 10, 1928, Milton T. George, as administrator of the Jonas George estate, filed a partial account in the Orphan's Court of Lehigh County, Pennsylvania, showing the receipt of $140,000 and a balance of $118,330.40 to be distributed under the will of Jonas George. The report was referred to an auditor for audit and distribution. On April 1, 1929, the auditor filed his report which was confirmed *nisi* on the same day by the presiding judge of that court. The report became absolute 30 days thereafter as the adjudication of the said court, no objections having been filed thereto. The auditor made his distribution on the basis that the legacies given to the testator's brothers and sisters, and their representatives, vested at the date of his death. On September 9, 1933, after all monies had been distributed, the first notice of the alleged transferee liability and the proposed assessment therefor was sent by the respondent. In October 1933, the protest against such assessment was filed and no determination of liability was made until February 7, 1934.

Daniel George died on April 24, 1915. Ellemina Diehl, the sister of Jonas George, died prior to the date of his death. Eliza G. Newhard, daughter of Eli George, brother of Jonas George, died in 1923. Eli George died May 24, 1904. Elizabeth Achey, sister

of Jonas George, died in 1879, leaving surviving her son, Irvin Achey, and her daughter, Rose Groh, her only children, who were living at the time of Jonas George's death.

The property known as Nos. 131 and 133 South Eighth Street, Allentown, Pennsylvania, was appraised by the State of Pennsylvania for inheritance tax purposes at $21,000 in 1927. It had a fair market value of $21,000 in 1927, 1928, and 1929.

From the above facts it appears that during the taxable year, and pursuant to instructions contained in the will, the administrator sold certain real estate, making a profit on the sale. Section 161 (a) of the Revenue Act of 1928 provides for the taxation of income of an estate or trust. Paragraph (3) thereunder specifically provides for taxation of income received during the period of administration or settlement of an estate, and subsection (b) of section 161 provides that the tax due shall be paid by the fiduciary except as provided in sections 166 and 167 (not here applicable). The question is, Was this income received by the estate? In construing a comparable section of the 1924 Act the Supreme Court, in *Helvering* v. *Butterworth*, 290 U. S. 365, stated that "the evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to the beneficiaries the income without deduction was assessable to the fiduciary." Here the administrator received the property as corpus of the estate and upon sale a profit was realized. This gain must be taxable to the estate unless the statute authorizes its deduction in computing the net income of the estate. See section 162, Revenue Act of 1928; *Anna M. Chambers et al., Trustees*, 33 B. T. A. 1125. Petitioner points to no applicable statutory provision providing for such deduction or making the income taxable to the beneficiaries, and under the facts none appears to be applicable.

Petitioners urge that, under the law of Pennsylvania, the estate of the beneficiaries was a vested estate and therefore, they argue, income from the conversion of such property must be taxable to the beneficiaries. We do not conceive this to be a case to be governed by the niceties of the Pennsylvania law. But conceding the law of Pennsylvania to be as stated, the conclusion contended for does not follow. The situation presented in the instant case obviously was the subject of consideration in G. C. M. 12771, wherein the effect of Pennsylvania law was fully considered and it was held that the gain from the sale of realty was taxable to the estate. We agree with the reasoning of this ruling and make the same holding. The estate was properly held liable for the tax.

The question next for consideration is whether or not the petitioners are liable for the payment of the tax as transferees of the assets

of the estate of Jonas George. The statutory definition of transferees[1] comprehends all the petitioners, individually in the case of Irvin Achey and representatively in the cases of the other petitioners.

Milton T. George, as administrator of the estates of Daniel George, Ellemina Diehl, and Jemima Klotz, and the Lehigh Valley Trust Co. as executor of the estate of Eliza G. Newhard, were the proper representatives to whom the assets of the estate of Jonas George were distributed and, hence, were the "distributees" specifically included in the definition.

Under the decisions of the Board and the courts the distribution of assets does not of itself mean the incurring of transferee liability. It is only when such distribution makes the taxpayer insolvent or leaves him with insufficient assets to pay the tax due that the liability comes into existence. *Helen Dean Wright*, 28 B. T. A. 543, and cases there cited. Here the parties have stipulated that the distributions by the administrator rendered the estate of Jonas George insolvent and without funds or assets with which to pay the tax. We must assume that the stipulation was carefully drawn and couched in language chosen with full realization of the meaning of the words used. Thus we have no alternative to holding that petitioners are liable as transferees.

The argument advanced by petitioners, that the proof shows that respondent might have realized the taxes in full had he moved promptly in forcing sale of the Allentown property, loses its apparent force when we note the plain language of the stipulation to the effect that the long-continued and repeated consideration of the case in the Commissioner's office was at the request of the petitioners. So far as the record reveals, the respondent acted with expedition once the consideration occasioned by petitioners' requests was concluded. Moreover, the record does not reveal when the Government seized the property in question.

---

[1] Revenue Act of 1928.—

SEC. 311. TRANSFERRED ASSETS.

(a) *Method of collection.*—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in the case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title.

(2) FIDUCIARIES.—The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer.

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

\*        \*        \*        \*        \*        \*        \*

(f) *Definition of "transferee".*—As used in this section the term "transferee" includes heir, legatee, devisee, and distributee.

The above holding makes unnecessary a consideration of respondent's alternative suggestion that Milton T. George should be held personally liable for the taxes under section 3467, Revised Statutes.

*Decision fixing the amount of each petitioner's liability as a transferee will be entered under Rule 50.*