ELNORA C. HAAG, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELNORA C. HAAG, FORMER EXECUTRIX OF THE ESTATE OF LOUIS E. HAAG, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26941, 26942, 36290, 36292. Promulgated May 19, 1930.

*George E. H. Goodner, Esq.*, and *Paul D. Banning, Esq.*, for the petitioner.

*W. Frank Gibbs, Esq.*, and *O. W. Swecker, Esq.*, for the respondent.

OPINION.

MURDOCK: No proof was offered as to when the return of Louis E. Haag for the year 1922 was filed, and we need not concern ourselves with the question of any statutory period of limitations based thereon. *Edward M. Lawrence*, 3 B. T. A. 40.

The discharge of an executrix does not bar collection of taxes on income received by a decedent in his lifetime, provided assessment is made within the statutory period. *Elna S. Evans, Administratrix*, 12 B. T. A. 334; *Karl J. Kaufmann, Administrator*, 15 B. T. A. 141. See also *Joseph Simon, Executor*, 9 B. T. A. 84. It is not important that the petitioner had no notice or knowledge of any taxes due from the decedent. *Elna S. Evans, supra*.

The petitioner alleges that the statement accompanying one deficiency notice purports to be an assessment against the " person of

the executrix." The notice is addressed to Elnora C. Haag, Executrix, Estate of Louis E. Haag. There is nothing in it to indicate that the Commissioner is attempting to assess and collect the taxes in controversy from the petitioner in any other than her representative capacity.

The petitioner further contends that her letter of November 14, 1924, constitutes a written request as contemplated by section 277 (a) (3) of the Revenue Act of 1924, and that since the taxes in question were not assessed within one year after the date thereof, the assessment and collection are now barred.

The provision upon which the petitioner relies is as follows:

(3) In the case of income received during the lifetime of a decedent, the tax shall be assessed, and any proceeding in court for the collection of such tax shall be begun, within one year after written request therefor (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, but not after the expiration of the period prescribed for the assessment of the tax in paragraph (1) or (2) of this subdivision.

The respondent does not contend that the tax was assessed or that any proceeding in court for the collection of such tax was begun within one year of the date of the petitioner's letter. His position is that he never received the request and that the above quoted section does not apply. If the petitioner's letter had been received by the Commissioner, it undoubtedly would have started the one year period. The petitioner, in order to sustain the burden of proof, claims that she is entitled to a presumption that the letter was received by the Commissioner. In Wigmore on Evidence, Second Edition, vol. 1, sec. 95, the rule is stated as follows:

The fixed methods and systematic operations of the government's postal service have been long conceded to be evidence of the due delivery to the addressee of mail matter placed for that purpose in the custody of the authorities. The conditions are that the mail matter shall appear to have conformed to the chief regulations of the service, namely, that it shall have been sufficiently prepaid in stamps, correctly addressed and placed in the appropriate receptacle.

The above statement was quoted in *Feder Silberberg Co.* v. *McNeil*, 133 Pac. 975, in which case, after reviewing a number of authorities, the court said:

On principle and in accordance with common experience it is perfectly apparent that the statement that a letter was mailed to a certain person necessarily includes only such acts as are required by the postal authorities of the United States, namely, that a letter have some address and that it be properly stamped. Whether the letter is properly addressed is a matter of no concern of the postal authorities, nor have they any information or interest in the matter. But in order to establish a set of facts from which an inference or a presumption shall arise that a given letter was received by a given addressee, it must not only appear that a letter was "mailed," but that it was properly addressed to the addressee at the place where he resides or receives his mail.

In accordance with this reasoning, the court held as follows:

Proof that "demand was made by mail" implies a prepayment of postage and a deposit of the demand in a United States post office; but that the letter was properly addressed to the addressee at the place where he resides or receives his mail is not thereby implied, and proof of that fact must be had before the receipt of the letter by the addressee will be inferred.

In *Equitable Life Assurance Society* v. *Trommhold*, 75 Ill. App. 43, the decision of the lower court was reversed for refusing to give the jury the following instruction:

The jury are instructed that the placing in the mail of an envelope properly stamped is not even presumptive evidence of the receipt of the same, unless the same is properly addressed, and even if the jury believes from the evidence that a notice was placed in the mail, yet, unless the jury further believe from the evidence that the envelope was properly addressed to the person for whom it was intended, it is not even constructive notice, and may be wholly disregarded.

In the instant case the only evidence in regard to mailing the letter is the petitioner's testimony, which is in part as follows:

Q. Did you mail it?
A. Yes, sir.
Q. Was sufficient postage attached?
A. Yes, sir.
Q. Who did you mail it to?
A. I don't remember.
Q. Was it to the proper authorities in Washington?
A. It was.

It will be noted that the above testimony gives no information as to the specific acts done by the petitioner. She simply makes the general statement that she mailed the letter. We are left to presume that she placed the letter in an envelope, affixed sufficient stamps and deposited it in one of the Government's receptacles for mail. In a case of this kind, where the petitioner is relying on a presumption that a certain letter was received and she has had an opportunity to testify, it was incumbent upon her to testify more in detail as to what she did. But even disregarding these insufficiencies in the proof and assuming that the letter was properly mailed, the evidence does not satisfy us that it was properly addressed. We are unable to find as a fact to whom the letter was addressed, or even that it was addressed at all. Under the authorities already cited, the petitioner is not entitled to the presumption that the letter was received.

The cases cited by counsel for the petitioner do not uphold a rule contrary to this. Among them is *Rosenthal* v. *Walker*, 111 U. S. 185. In that case the court held that the presumption of receipt by the addressee did arise, but it is to be noted that there was evidence "that the letter was directed to the plaintiff in error at New Orleans and to his proper address in that city."

Evidence was introduced by the petitioner to show that a previous letter, written by her in regard to estate taxes on the Louis E. Haag estate, was temporarily lost in the Bureau of Internal Revenue. It also appears that this letter was later found. On the other hand, considerable testimony was offered by the respondent pertaining to the systematic method of handling correspondence in the Bureau and also regarding the numerous and exhaustive searches which were made for the letter in question by employees of the Bureau. These searches were begun as soon as the respondent was apprised that the petitioner claimed she had written the letter, and were conducted intermittently over a period of about two years without avail.

Upon consideration of all the evidence, we are of opinion that the petitioner has not sustained the burden of proving that she requested an assessment of the taxes in question. The assessment and collection are not barred.

The Commissioner erroneously disallowed the Haag Drug Co. a deduction of $9,000 per year for rent of two store buildings occupied by it during the years 1922 and 1923. The deduction should be allowed and the shares of the company's profits recomputed accordingly, using the same basis for allocating the income of the company as was used in determining the deficiencies.

In regard to the deficiency asserted against the petitioner individually for the year 1922, she contends that she was not a partner in the Haag Drug Co. during that year, and that she was not entitled to any of the company's profits. It appears, however, that she reported in her income-tax return for the year 1922 a total of $3,645.45 as income received from the Haag Drug Co., and also that the Haag Drug Co. filed a partnership return showing that the petitioner was entitled to one-fourth of its income for seven and one-half months. The Commissioner increased the amount of the net income reported by the Haag Drug Co., and correspondingly increased the petitioner's share thereof. The petitioner had the burden of proving facts which would entitle her to a favorable judgment, for the Commissioner's determination is presumed to be correct. She has failed to sustain her burden of proof, and therefore we will not disturb the determination of the Commissioner, except in so far as the petitioner's share of the company's profits is affected by the deduction of $9,000 for rent, which deduction we have allowed.

The petitioner alleges that, in computing her net income from the Haag Drug Co. in 1925, the Commissioner erroneously disallowed the company deductions of $500 as association dues and $7,984.43 as commissions, paid by it in that year. She also alleges that in computing the company's loss in 1924 the Commissioner erroneously dis-

allowed deductions of $3,422.87 as repairs on a store building, $3,-517.19 as commissions paid, and $75 as a loss by theft. There is evidence to indicate that the amounts claimed as commissions were included in the deductions allowed for wages in the years 1924 and 1925, respectively. In any event, no evidence has been introduced by which we could determine that the Haag Drug Co. was entitled to the deductions claimed as commissions, or to any other of the deductions claimed for either of the years 1924 or 1925. The determination of the Commissioner in regard to all of these items is therefore sustained.

The petitioner further alleges that the Commissioner erred by including in her gross income for 1924 three-fourths of the net income of the Haag Drug Co. for the period from June 7 to December 31, 1923. This amount, $5,218.68, was included in the gross income of the Louis E. Haag estate for that period and was never deducted therefrom. The deficiency determined against the estate for 1923 was based on this item.

The Revenue Act neither specifically authorizes nor precludes the respondent's action. The Act provides, however, that income received by an estate during the period of administration be included in the gross income of the estate and the tax thereon paid by the fiduciary, except that under certain conditions prescribed by the Act such income may be deducted from the gross income of the estate and included in the income of the beneficiary. In the instant case, no contention was made by the petitioner or by the respondent that the estate was not entitled to three-fourths of the company's income for that portion of the year 1923 after Louis Haag's death, nor was it contended that such income was properly deductible from the gross income of the estate under the provisions of the Act. The scheme of taxing income under the revenue acts does not contemplate that income of an estate be taxable both to the estate and to the beneficiary in the same year. Furthermore, we think that it was not intended to tax such income to the estate in one year and to the beneficiary in another. The Commissioner has so interpreted the law in Regulations 65, article 344. We are therefore of the opinion that when income received by an estate is properly included in the gross income of the estate under the provisions of the Revenue Act and is not permitted to be deducted from the gross income of the estate and charged to the beneficiary for income-tax purposes under the provisions of the Revenue Act, such income may never be included in the gross income of the beneficiary. The petitioner's net loss for 1924 should be increased accordingly, and the total loss should be allowed as a deduction in computing her net income for 1925, in accordance with section 206 (b) of the Revenue Act of 1924.

In the statement attached to the deficiency notice, the Commissioner added a 25 per cent penalty to the deficiency of $141.58 for the year 1925. The petitioner alleged that she " delinquently " filed her income-tax return for that year, and offered no explanation for the failure to file it within the prescribed period. Under section 1002 of the Revenue Act of 1924, which contains Revised Statutes, section 3176, as amended, the 25 per cent penalty is proper, subject, however, to a recomputation of the petitioner's tax liability for the year 1925 in accordance with this opinion.

*Judgment will be entered under Rule 50.*

*George E. H. Goodner, Esq.*, and *Paul D. Banning, Esq.*, for the petitioner.

*W. Frank Gibbs, Esq.*, and *O. W. Swecker, Esq.*, for the respondent.