KATHARINE B. BLISS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43412. Promulgated February 7, 1934.

George A. O'Donohue, Esq., for the petitioner.
J. E. Marshall, Esq., for the respondent.

OPINION.

MORRIS: The above entitled proceeding is for the redetermination of a deficiency in income tax of $19,172.09 for the calendar year 1924, and presents for consideration (1) the respondent's refusal to allow the petitioner to file a joint return for 1924 with her deceased husband, Walter P. Bliss, who died January 10, 1924, and (2) his failure to allow the deduction of an alleged bad debt of $30,000 from the gross income of her husband, representing a note of the Candelaria Mining Co., which is alleged to have been worthless in that year. Allegation (2) becomes purely academic in the event of a ruling upon (1) adversely to the petitioner.

The parties stipulated (1) That the late Walter P. Bliss was the husband of the petitioner Katharine B. Bliss, and that these two individuals were living together as husband and wife on January 10, 1924, the date of Bliss' death, and (2) that for the period from January 1, 1924, to January 10, 1924, inclusive, the said Walter P. Bliss suffered a net loss of $52,697.37, representing an excess of deductions over gross income, exclusive of any allowance for an alleged bad debt in the amount of $30,000 claimed to represent the face of the note for money loaned to the Candelaria Mining Co.

The petitioner filed an individual income tax return for the calendar year 1924 and in a space thereon for supplying the name of the taxpayer the joint names of " Mr. and Mrs. Walter P. Bliss " were given. To Question 3 in that return, " Is this a joint return of husband and wife? ", the answer was " Yes "; to Question 4, " Were you married and living with husband or wife on the last day of your taxable year? ", no reply was given; and to instruction (6), " If your status in respect to Questions 4 and 5 changed during the year, state date of such change ", there was likewise no reply. That return showed a total joint income of $167,652.35 and total joint deductions of $189,155.31.

A return was filed by the " Estate of Walter P. Bliss " for the period January 11 to September 30, 1924, reporting a total income of $109,369.54 and total deductions of $230,174.25.

Section 223 of the Revenue Act of 1924, governing the first issue, which is the alleged right of the petitioner to file a joint return with her deceased husband for the year 1924, provides:

SEC. 223. (a) The following individuals shall each make under oath a return stating specifically the items of his gross income and the deductions and credits allowed under this title—

\* \* \* \* \* \* \*

(b) If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

\* \* \* \* \* \* \*

Upon this issue the petitioner cites, as sole authority for her contention, *Bankers Trust Co.* v. *Bowers*, 295 Fed. 89, and quotes therefrom the following language of the court:

The fundamental scheme of Title 2 of the Revenue Act is for a tax on the net income of the taxpayer during an accounting period of twelve successive months. This general accounting period seems to be a predetermined measure to be applied to a taxpayer's income and is not affected by his death or change of status within the period. The tax is imposed upon the entire net income for such period, and the return of such income constitutes his return for the period of twelve full·months, even though he may have lived only a portion thereof.

The argument is advanced that a return of income of a decedent arising between the beginning of the calendar year and the date of his death is in fact a return for the full calendar year in which the death occurred and that although the income arose during only a portion of such year the return is for the full taxable year of twelve months. We are perfectly willing to subscribe to this principle, but we fail to see that it helps to solve the present problem. Nor are

we able to see the controlling or even persuasive features of the case relied upon. There the question was essentially one of proper computation of the taxable income and the tax thereon. Here the computation is incidental to the main and only question we have to consider, viz., were Bliss and his wife " living together " within the intendment of section 223, *supra*.

Obviously the petitioner's husband was not living with her on the last day of the taxable year though they were living together on January 10 of that year. Should we say therefore that the test of whether joint returns might be filed for a given taxable year is whether or not they were married and living together at any time during the year, as the petitioner would have us do, or should the test be whether or not they were living together on the last day of the taxable year?

Just as divorce separates the marital status and destroys the relationship of " husband and wife ", so does the death of a party to the union. Consequently two parties that have been legally divorced cannot thereafter be said to be " living together " within the meaning of the act, yet, carrying the petitioner's contention to its logical and inescapable conclusion, a couple divorced during a taxable year might file a joint return of their income notwithstanding one or indeed both of the parties may have immediately remarried to others, or a surviving spouse might file a joint return with her deceased husband or wife notwithstanding he or she may have remarried within the taxable period. Such incongruity was certainly never intended by the Congress which enacted this section of the act.

The petitioner points to the absence of specific regulation under the Act of 1924 upon this subject and to the fact that it was not until article 401 of Regulations 69, which reads as follows, was promulgated under the Revenue Act of 1926 that the Department took any definite steps toward regulation:

* * * A joint return of husband and wife may be filed only if they were living together at the close of their taxable year. Where one spouse dies prior to the last day of the taxable year, the surviving spouse should not include the income of the deceased spouse in a joint return for such taxable year. * * *

While there was no specific regulation upon the particular point in question and while the regulation promulgated under the Revenue Act of 1926 in and of itself has no application to cases arising under prior acts, it is noteworthy that the test applied by the respondent has been the status of the parties on the last day of the taxable year, and also that article 401 of Regulations 69 was promulgated to construe a revenue act identical, for all practical purposes, with that section of the act controlling here and was for the purpose, not of

making a new regulation respecting such matters, but of putting in writing the respondent's construction of the act and his settled policy in the administration thereof.

Furthermore the duty of filing a return of the income of the decedent devolves not upon the surviving spouse, but upon the personal representative of such decedent. Section 225 of the Revenue Act of 1924 provides that:

SEC. 225. (a) Every fiduciary * * * shall make under oath a return for any of the following individuals, estates, or trusts for which he acts, stating specifically the items of gross income thereof and the deductions and credits allowed under this title—

(1) Every individual having a net income for the taxable year of $1,000 or over, if single, or if married and not living with husband or wife;

(2) Every individual having a net income for the taxable year of $2,500 or over, if married and living with husband or wife;

(3) Every individual having a gross income for the taxable year of $5,000 or over, regardless of the amount of his net income;

(4) Every estate or trust the net income of which for the taxable year is $1,000 or over;

(5) Every estate or trust the gross income of which for the taxable year is $5,000 or over, regardless of the amount of the net income; * * *

Article 421 of Regulations 65, promulgated under the foregoing section of the act, as amended by T. D. 3660, C.B. IV–1, p. 47, provides in part that:

* * * If the net income of a decedent from the beginning of the taxable year to the date of his death was $1,000 or more if unmarried, or $2,500 or more if married, or if his gross income for the same period was $5,000 or over the executor or administrator shall make a return for such decedent. See article 305.

The respondent's construction of the act and his practice under the various acts with respect to the filing of returns for deceased persons is further clarified in his interpretation of the statute permitting exemptions and credits, as set forth in T. D. 3660, C.B. IV–1, p. 40, wherein it is said:

[Art. 305.] (c) If an individual dies during the taxable year, his executor or administrator in making a return for him is entitled to claim his full exemption according to his status at the time of his death. See also section 219(c) of the statute and articles 341–347. If a husband or wife so dies the joint personal exemption may be used by the executor or administrator in making a return for the decedent, and an undiminished personal exemption, according to the status of the survivor at the end of the taxable year, may be claimed in the survivor's return.

And further, in the respondent's interpretation as found in Mim. 3288, IV–1, p. 40, it is said:

In view of the foregoing, a married person living with husband or wife, who by reason of death or separation becomes a single person or a married person not living with husband or wife, changes from the $2,500 status to the $1,000 status. A married person living with husband or wife who by reason

of death or separation ceases to be a married person living with husband or wife but is the head of a family does not change his status, inasmuch as both before and after the death or separation he was in the $2,500 status.

We are of the opinion that the statute is clear and that, in order for the petitioner to have the right to file a joint return with her husband, he must have actually lived with her on the last day of the taxable year 1924, and it is not sufficient that he lived with her at some time during that year. Her status at December 31, 1924, was that of a single woman, which precludes her from filing a joint return.

With the first issue so decided, the second is automatically disposed of.

*Judgment will be entered for the respondent.*