GERTRUDE H. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70828. Promulgated March 6, 1934.

*Joseph B. Lynch, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

ARUNDELL: This proceeding was initiated to test the correctness of respondent's action in determining a deficiency for the year 1930 in the amount of $12,761.77. The case was submitted on the petition and answer and certain facts orally stipulated in the record.

The question involved is the right of petitioner to file a joint return for the calendar year 1930 in which was included the income (or loss) of her deceased husband, who died on June 27, 1930. Her husband, the late William Boyce Thompson, suffered a net loss from January 1, 1930, to the date of his death in the amount of $209,450, and if this amount may be offset against petitioner's income, which was less than that amount, it would serve to relieve her from tax liability for the year in question.

The point raised is squarely covered by respondent's regulations and more particularly by article 381 of Regulations 74, promulgated under the Revenue Act of 1928, which is controlling here. We quote the pertinent words: "A joint return of husband and wife may be filed only if they were living together at the close of their taxable year. Where one spouse dies prior to the last day of the taxable year, the surviving spouse should not include the income of the deceased spouse in a joint return for such taxable year." A similar regulation appears in article 401 of Regulations 69, under the Revenue Act of 1926, and article 381 of Regulations 77, under the Revenue Act of 1932. The petitioner presented no argument or authority which convinces us that the regulations of the respondent are improper or in any wise contrary to law. There have been two revenue acts enacted by Congress since this provision first appeared in the regulations, the Revenue Acts of 1928 and 1932, and no change in this provision was made in either of them. While the statute itself is not specific on this point, " it is the settled rule that the practical interpretation of an ambiguous or doubtful statute that has been acted upon by officials charged with its administration will not be disturbed except for weighty reasons." *Brewster* v. *Gage*, 280 U.S. 327. See also *United States* v. *Dakota-Montana Oil Co.*, 288 U.S. 459; *Murphy Oil Co.* v. *Burnet*, 287 U.S. 299.

In *Katherine B. Bliss*, 29 B.T.A. 1037, we reached a similar conclusion in a case arising under the Revenue Act of 1924, under which act the Commissioner had no regulation covering the point.

*Decision will be entered for the respondent.*