WILLIAM B. WEIGEL AND CHARLES H. ALSIP, TESTAMENTARY TRUSTEES AND SURVIVING FORMER EXECUTORS, ESTATE OF MAUD ALSIP WEIGEL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67203.    Promulgated March 31, 1936.

*Arthur R. Foss, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency in income tax for the fiscal period April 1, 1929, to March 31, 1930, in the amount of $5,619.78, and sent a notice thereof addressed as follows: "William B. Weigel, Charles H. Alsip and Charles B. Obermeyer, Executors and Trustees, Estate of Maud Alsip Weigel, deceased." "William B. Weigel and Charles H. Alsip, Testamentary Trustees and Surviving Former Executors, Estate of Maud Alsip Weigel, Deceased" filed the petition. They stated that they were individuals, the trustees of a testamentary trust created by the will of Maud Alsip Weigel, and the surviving former executors of the estate of Maud Alsip Weigel, deceased. Charles B. Obermeyer was dead at

the time the petition was filed. The facts in the case have been stipulated.

One of the petitioners' contentions is that the estate of Maud Alsip Weigel was entitled to a deduction of $63,358.51 which was not claimed on the return or allowed in determining the deficiency. Maud Alsip Weigel died testate on April 6, 1929. Her will provided for the payment of funeral expenses and debts and for the bequest of some personal articles. The residue of her estate was given, devised, and bequeathed to her executors in trust during the lifetime of the decedent's husband, William B. Weigel. Part of the income of the trust was to be paid to a faithful servant and the remainder to the decedent's husband. The will also provided how the property should be disposed of thereafter. The executors named were William B. Weigel, Charles H. Alsip, and Charles B. Obermeyer. The executors were empowered "to sell or otherwise dispose of, in their discretion, for the purpose of setting apart portions of property or paying legacies, any real or personal property belonging to my estate not hereinbefore specifically devised or bequeathed, * * * and to use, in their discretion, in the payment of legacies, any bonds, stocks, or other securities at the market value thereof at the time of payment, instead of converting such securities into money." The beneficiaries under the decedent's will survived her and were living throughout the taxable year here involved. Among the assets owned by the decedent at the time of her death were 520 shares of the capital stock of the Union Carbide & Carbon Co. which had a total fair market value at the date of her death of $111,607.60. Thereafter, those shares were increased to 1,560 shares by a stock dividend, and on August 29, 1929, the executors sold the 1,560 shares for $203,235.10, or for a net profit of $91,627.50. The Commissioner determined that the taxable net income of the estate was $90,061.51, representing the aforesaid profit, plus dividends and interest in the total amount of $6,539.78, reduced by deductions of $8,105.77, representing taxes and expenses. The executors during the taxable year began to set aside certain portions of the estate and to establish the trust provided for in the will. In so doing they properly paid during the taxable year to the trustees of the testamentary trust the cash proceeds of the aforesaid sale of stock to the extent of $140,535.08. "This distribution included the profit from said sale to the extent of $63,358.51." The petitioners claim that the estate is entitled to a deduction of the sum of $63,358.51.

The petitioners rely upon the provisions of section 162 (c) of the Revenue Act of 1928, which are in part as follows:

In the case of income received by estates of deceased persons during the period of administration or settlement of the estate * * * there shall be allowed as an additional deduction in computing the net income of the estate

or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary.

It is not disputed that the $91,627.50 was income received by the estate of a deceased person during the period of administration or settlement of the estate. The parties have stipulated that $63,358.51 of that profit was properly paid during the taxable year to the trustees of the testamentary trust. The petitioners contend that the trustees of the testamentary trust were a legatee and, therefore, the estate is entitled to the claimed deduction. The Board, however, has held otherwise. *Anna M. Chambers et al., Trustees*, 33 B. T. A. 1125. The Board reasoned, in reaching its conclusion on this question, that Congress intended to tax the entire income of an estate, including capital gain realized; it intended to allow the estate a deduction for income paid to a legatee, heir, or beneficiary only in case the amount paid, which represented income to the estate, likewise represented income to the legatee, heir, or beneficiary, so that it would "be included in computing the net income of the legatee, heir, or beneficiary"; and if a capital gain to the estate would represent corpus, rather than income, when paid to a legatee, no deduction was intended to be granted the estate. Here the amount paid by the executors to the trustees, which included a part of the capital gain from the sale of the stock, was paid to the trustees as corpus rather than as income. The *Chambers* case is applicable and this point is decided against the petitioners. Cf. *Randolph* v. *Commissioner*, 76 Fed. (2d) 472, affirming 28 B. T. A. 773.

The petitioners argue that their tax liability as trustees or as transferees is not involved in this proceeding and we agree, since the respondent makes no contention to the contrary. The petitioners also argue that they are not personally liable for any deficiency in tax and that they are not liable for any tax as executors, or otherwise as fiduciaries. We think that the present proceeding can be decided without deciding any of these questions.

The Commissioner sent a notice of deficiency in income tax to the executors of the estate. The question for decision is whether he erred in holding that the additional tax was due from the estate. Collection is a different question which is not before the Board. The jurisdiction of the Board is limited to decision of the questions of whether or not there is a deficiency and of whether or not there is an overpayment. However, the question of the collectibility of a deficiency sometimes becomes material in proceedings before the Board as, for example, in cases where it is claimed that the statutory period for collection has expired. That is because the statute provides that "if the assessment or collection of any tax is barred by any statute of

limitations, the decision of the Board to that effect shall be considered as its decision that there is no deficiency in respect to such tax." See section 601, Revenue Act of 1928. Thus, in such cases, the Board has to consider the question of collection. But in the present case the notice was mailed within the two-year statutory period, and there is no claim and no showing that the statute of limitations has run against assessment or collection. The Commissioner has determined that the deficiency is due from the estate, and since no error in that determination appears, it must be affirmed.

The notice of deficiency is addressed also to the trustees of the estate. The reason for including them does not appear. They do not represent the taxpayer, the estate which realized the income. The Commissioner has made no claim that their trust estate is liable as a transferee of the taxpayer, nor does he contend that the liability here in question is theirs for any reason. Therefore, it can not be held in this proceeding that the deficiency is one of the trust or for which the trust is liable as a transferee.

The Commissioner has not indicated in any way in the notice of deficiency whether or not he will seek to hold the executors personally liable for the deficiency. If he ever tries to collect from the executors on account of any alleged personal liability on their part, the present proceeding will in no way bar their remedies. Since the Commissioner has asserted no such liability, and since there is no reason to decide the question of personal liability of the executors at this time, that question will not be decided. Our decision will be that there is a deficiency in income tax of the estate of Maud Alsip Weigel, deceased, for the fiscal period April 1, 1929, to March 31, 1930. With the entry of that decision our function will have been completely performed. Collection will be up to the Commissioner. Perhaps he may be able to collect the deficiency from someone. It does not appear that he must necessarily fail. But however that may be, nevertheless, the uncertainty as to ultimate collectibility does not go so far as to demonstrate that there is no deficiency. Short of such a showing, the question does not affect the real issue for decision by the Board.

The notice of their discharge, which the executors gave to the Commissioner, is immaterial for present purposes. It did not serve to shorten the two-year period for assessment of the deficiency against the estate as provided in section 275 (a) of the Revenue Act of 1928. There is a method provided in section 275 (b) which the executors could have adopted to shorten the two-year period. But they never adopted it; that is, they never made any request for prompt assessment. They claim that they gave notice under section 312. But that section does not purport to shorten the period

of limitation nor to relieve the estate from liability for the tax. The discharge of executors after a final accounting does not serve to shorten the period for assessment of a deficiency against the estate, nor to extinguish the liability of the estate for Federal income tax, even though the executors exercised due diligence in determining whether or not any such liability existed. Cf. *Elnora C. Haag*, 19 B. T. A. 982; affd., 59 Fed. (2d) 516; *Karl J. Kaufmann, Administrator*, 15 B. T. A. 141 (this point was not appealed; see 44 Fed. (2d) 144) ; *Elna S. Evans, Administratrix*, 12 B. T. A. 334; *Joseph Simon, Executor*, 9 B. T. A. 84; *Helen Dean Wright*, 28 B. T. A. 543.

*Judgment will be entered under Rule 50.*