ESTATE OF LEE R. FARRELL, DECEASED, MRS. LEE R. FARRELL, EXECUTRIX, DISCHARGED JANUARY 30, 1931, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77345. Promulgated January 15, 1937.

*W. R. Lansford, Esq.*, for the respondent.

OPINION.

ARNOLD: This proceeding arises on respondent's determination of a deficiency in income tax of Lee R. Farrell, deceased, for the period January 1 to November 18, 1929, in the amount of $1,454.97.

The facts are drawn from exhibits put in evidence by respondent and are as follows: Petitioner was executrix of the estate of her husband, who died November 18, 1929, until her discharge by the probate court on January 30, 1931. She filed a personal income tax return for 1929, which sought to include the income of decedent with her own under a joint return. On July 15, 1931, the revenue agent at Cleveland, Ohio, reported that the decedent's income had been eliminated from Mrs. Lee R. Farrell's return, under authority of section 25 (e) of the Revenue Act of 1928 and Treasury Regulations 74, article 746; and stated that in accordance with the regulations "a separate delinquent return [without penalty] has been prepared to show the income of the decedent, and a report thereon is being submitted under even date hereof." In this report the decedent's income was increased by $27,000 in respect of a distribution to decedent by the Portage Silica Co. said to be taxable as a dividend. Petitioner's counsel, Klooz, was informed of this action. The respondent on July 24, 1931, under form letter 850, addressed to petitioner as "executrix", enclosed a copy of the revenue agent's report on decedent's tax and the unsigned delinquent return prepared for her as executrix. In an undated letter to the revenue agent petitioner, signing herself as "executrix" of the decedent's estate, acknowledged receipt of this report and requested that the estate's case "be held in abeyance pending the outcome" in the courts of the Portage Silica Co.'s case, which involved the March 1, 1913, value of the company's sand deposits. Petitioner's letter makes no reference to the delinquent return, and it does not appear that it was ever signed by her and filed with the revenue agent or the Commissioner. These papers were forwarded by the revenue agent to the Commissioner on August 25, 1931.

Nothing further occurred until February 12, 1932, when respondent wrote petitioner as executrix, informing her that the adjustments in tax recommended in the revenue agent's report would be made and that the statute would run by March 14, 1932, but that her waiver would extend the period. Petitioner, signing herself as "executrix" in an undated letter which was, however, received by the respondent on February 17, 1932, enclosed a waiver and gave as her

reason for so doing the case still pending on the tax liability of the Portage Silica Co., already referred to. The waiver was executed on February 16, 1932, by petitioner as executrix and extended the period to December 31, 1932. Accompanying this waiver was petitioner's statement, under oath, executed before a notary public on the same day, that she was "the duly qualified and acting executrix" and that she then possessed "the powers * * * resulting from such fiduciary relationship." Respondent informed petitioner on February 20, 1932, that for her consent to be acceptable she must furnish letters testamentary or other evidence of her authority to act as executrix.

A "certificate of appointment" of the Probate Court of Mahoning County, Ohio, executed by its judge on March 15, 1930, and certifying that petitioner had been appointed executrix of the decedent on December 10, 1929, and was at the time of the certificate's execution the legal and acting executrix, was received by respondent on February 26, 1932. The receipt of this certificate was acknowledged by respondent on March 4, 1932, and in the same letter petitioner was informed that her consent had been accepted.

On November 10, 1932, one Oscar I. Koke, accountant, of Cleveland, purporting to act for the petitioner, wrote to respondent, requesting a further extension of time to December 31, 1933, and the necessary agreement forms. Respondent on November 18, 1932, wrote directly to petitioner, referring to Koke's letter, and to the absence of any evidence of a power of attorney given to him, and sending the consent forms. It was further pointed out by respondent that petitioner must submit documentary evidence of her authority to act as executrix "as of the date of the execution of the consent." Petitioner, as executrix, on November 29, 1932, duly executed before a notary public a consent extending the period to June 30, 1934, which was sent to respondent. On December 3, 1932, respondent acknowledged this consent but informed petitioner that she must execute the consent on form 56–M. No consent around this date was put in evidence, but it would appear to have been received, for on December 27, 1932, the respondent informed the petitioner that he had accepted "the consent." No further evidence of petitioner's status as a fiduciary as of this date appears to have been submitted.

On May 9, 1934, Koke & Co., referring to a letter of April 24, 1934, from respondent, informed him that a power of attorney could not be obtained from executrix since she had been discharged by the court as such, and inquiring whether a power of attorney executed in her personal capacity would suffice.

Thereupon, on June 5, 1934, acting under authority of section 3176 of the Revised Statutes, as amended, respondent prepared and filed a delinquent return for "Lee R. Farrell, deceased, Mrs. Lee R.

Farrell, Executrix", for the period January 1 to November 18, 1929. On June 20, 1934, respondent sent to petitioner as executrix a notice of deficiency in the amount of $1,454.97, allowing appeal to this Board in 90 days. From this notice of deficiency petitioner brought this appeal on September 17, 1934.

In these circumstances, petitioner has pleaded to the jurisdiction of this Board, first, on the ground that the decedent's tax liability may not be asserted against his estate after the bona fide discharge of his executrix without prior notice of the claim; and, second, that the statute of limitations has run against the assessment and collection of the deficiency. On the merits, petitioner contends that the distribution by the Portage Silica Co. to decedent in 1929 was out of the March 1, 1913, value of its property and not taxable as a dividend. Petitioner made no appearance, filed no brief, and offered no evidence. Respondent contends that the petitioner is estopped to deny the Board's jurisdiction, and, while moving for judgment on the merits for petitioner's failure to prosecute, suggests that that issue is *res judicata* under prior decisions of this Board. *Portage Silica Co.*, 11 B. T. A. 700; affd., 49 Fed. (2d) 985; 284 U. S. 667; certiorari denied, 29 B. T. A. 881 (appealed to C. C. A., 6th Cir., July 5, 1934).

Petitioner's first contention is answered in our decision in *Elnora C. Haag*, 19 B. T. A. 982, where we said:

The discharge of an executrix does not bar collection of taxes on income received by a decedent in his lifetime, provided assessment is made within the statutory period. *Elna S. Evans, Administratrix*, 12 B. T. A. 334; *Karl J. Kaufmann, Administrator*, 15 B. T. A. 141. See also *Joseph Simon, Executor*, 9 B. T. A. 84. It is not important that the petitioner had no notice or knowledge of any taxes due from the decedent. *Elna S. Evans, supra.*

In affirming, the Circuit Court of Appeals for the Seventh Circuit said (59 Fed. (2d) 516, 518):

The notice of the deficiency tax, which the Commissioner mailed February 19, 1927, was addressed to the executrix of the estate of Louis E. Haag. Inasmuch as there was no such executrix in existence at this date and inasmuch as there was no deficiency tax assessed against Elnora C. Haag, individually, the recipient of the estate upon its being fully administered, it is argued that there was no valid deficiency tax assessed. Associated with this contention is the fact that petitioner sought relief from the Board of Tax Appeals through a petition signed by her as "former executrix of the estate of Louis E. Haag, deceased." Thereafter, petitioner sought to avoid the consequences of such petition and adjudication of her petition by asserting that she, as the former executrix of the estate, could not take an appeal from the assessment of a tax against the executrix of the estate. Complete answer to this position is to be found in the decisions of this court and of other courts. [Citing authorities.] These cases hold that although the notice was not directed to the proper party, nevertheless if it appeared that the proper party had received the notice or that the party who succeeded to the title of the party filing the return had received the notice, it was sufficient.

We turn now to the question whether the deficiency notice was timely. Respondent contends that it was, on the ground, first, that petitioner is estopped to deny the effectiveness of the waivers which she executed, by reason of her holding herself out to the respondent as having the capacity to execute them as executrix, and, second, that since petitioner never filed a return as executrix of the decedent, the respondent might file such a return on her behalf as executrix under authority of section 3176 of the Revised Statutes, as amended, and, having done so, the statute would run two years from the date of this return, or until June 5, 1936, and consequently that respondent's deficiency notice of June 20, 1934, was timely. As the second contention, if sound, will dispose of the case without necessity of our considering at length the facts and legal effect of the several waivers executed by petitioner, we shall proceed now to consideration of the second point.

The statute provides that income taxes shall be assessed (or a proceeding in court begun) within two years after the return is filed (sec. 275 (a), Revenue Act of 1928),[1] but if income is "received during the lifetime of a decedent, or by his estate during the period of administration", the tax shall be assessed "within one year after written request therefor * * * by the executor, administrator, or other fiduciary representing the estate of such decedent * * *." (Sec. 275 (b).) In respect of the fiduciary of a taxpayer the statute provides (sec. 312 (a)):

* * * Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated.

No question is here involved of a request by the petitioner as executrix to have the assessment made. On the contrary, petitioner, holding herself out to be still lawfully acting as executrix, requested, about July 1931, postponement of further action by respondent pending the adjudication of the *Portage Silica* case, and as executrix executed waivers on February 16, 1932, and November 29, 1932, which would, if valid, have extended the period to June 30, 1934, under section 506 of the statute.

Section 276 (a) and (b) of the Revenue Act 1928 provides as follows:

(a) *False return or no return.*—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

---

[1] (a) *General rule.*—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

(b) *Waivers.*—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

Section 3176 of the Revised Statutes, as amended (sec. 1103, Revenue Act of 1926), provides as follows:

SEC. 3176. If any person, corporation, company, or association fails to make and file a return or list at the time prescribed by law or by regulation made under authority of law, or makes, wilfully or otherwise, a false or fraudulent return or list, the collector or deputy collector shall make the return or list from his own knowledge and from such information as he can obtain through testimony or otherwise. In any such case the Commissioner of Internal Revenue may, from his own knowledge and from such information as he can obtain through testimony or otherwise, make a return or amend any return made by a collector or deputy collector. Any return or list so made and subscribed by the Commissioner, or by a collector or deputy collector and approved by the Commissioner, shall be prima facie good and sufficient for all legal purposes.

\* \* \* \* \* \* \*

The Commissioner of Internal Revenue shall determine and assess all taxes, other than stamp taxes, as to which returns or lists are so made under the provisions of this section.

Respondent had prepared and sent to petitioner on July 24, 1931, a delinquent return covering the income of the decedent for that period of 1929 properly returnable by petitioner as executrix. It does not appear, however, that petitioner ever signed and filed this return. Respondent's counsel catagorically states that the only return filed for the estate for the year 1929 was that filed by the Commissioner in 1934, and in the circumstances we must accept this as conclusive. Respondent, acting under the authority of section 3176 of the Revised Statutes, filed a return for the decedent's estate on June 5, 1934. On June 20, 1934, he sent to petitioner, as executrix of decedent's estate, a deficiency notice based on this return. From this deficiency notice petitioner brings the instant appeal.

That the deficiency notice was timely can not be doubted, for under section 276 (a) the statute of limitations does not begin to run until a return has been filed. The Commissioner's return filed on behalf of the petitioner constituted the only return made and the deficiency notice followed promptly upon the return so made by the respondent. Petitioner as executrix never filed a return of decedent's income for 1929, and the joint return originally filed by her covering her own and decedent's income for that year can not be construed as a return by her in her fiduciary capacity. This point has been settled adversely to petitioner. The Court of Appeals for the Third Circuit held, in *Bliss* v. *Commissioner*, 76 Fed. (2d) 101, that a wife whose

husband died prior to the end of the taxable year was precluded from filing a joint income tax return with her deceased husband, saying (p. 102):

> \* \* \* Thus the petitioner is left to the statute alone for a right to file a joint return. We find nothing in the statute that gives her such a right. On the contrary, it is clear from section 225 (Revenue Act of 1924) that the duty of filing a return of income of a deceased spouse, in this case the husband, devolves upon his personal representative, leaving the inescapable inference that no such duty devolves upon the surviving spouse and no such right is accorded her.

To the same effect is *Gertrude H. Thompson*, 30 B. T. A. 30. We are of the opinion that no bar exists to the collection from the estate of the asserted tax.

On the question raised on the merits, in so far as the merits may be grasped from the brief references in the petition, from the correspondence between petitioner and respondent, and from respondent's counsel's statements at bar, it appears to depend upon the March 1, 1913, value of certain mineral deposits, which was considered by us in the *Portage Silica Co.*, cases, *supra*, and resolved adversely to the taxpayer's contention. In any event, since petitioner has not prosecuted her appeal on its merits, we must consider ourselves bound by respondent's determination. Respondent's determination is prima facie correct, and petitioner's failure to rebut it in any way by testimony or other evidence leaves it undisturbed.

*Judgment will be entered for the respondent.*