JOHN H. BEASLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 99113.     Promulgated June 28, 1940.

*John H. Beasley, Esq.*, pro se.

*Lucien W. Shaw, Esq., F. R. Shearer, Esq.*, and *J. P. Wenchel, Esq.*,
for the respondent.

**OPINION.**

STERNHAGEN: The Commissioner determined an individual liability of petitioner for the deficiency in 1935 income tax of the decedent of whose estate petitioner had been the administrator. In the Commissioner's notice the ground is stated as follows:

The information on file in this office indicates that all of the assets of the above-named estate were disposed of and the debts were settled without first having satisfied the tax due the United States from the estate as provided under Revised Statutes 3467.

The above amount represents your liability under section 311 (a) (2) of the Revenue Act of 1934 for unpaid income tax due from the estate of John T. Beasley, deceased for the taxable year ended December 31, 1935.

The essence of petitioner's contention is that his discharge by the probate court terminated his liability, since the Government was aware of the administration proceedings and had not enforced its claim or objected to the final order of the probate court.

The liability determined by the Commissioner was not the liability of the estate or of the executor of the estate. It was the personal liability of the petitioner by reason of Revised Statutes, section 3467,[1] and such liability is being enforced by the Commissioner in the manner prescribed by section 311 (a) (2), Revenue Act of 1934. The case fits squarely within section 3467, for the petitioner was an administrator who paid the other debts of the estate without satisfying

---

[1] Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid. (R. S. § 3467, amended May 10, 1934, c. 277, § 518 (a), 48 Stat. 760.) (U. S. C., Title 31, § 192.)

the estate's debt for taxes due to the United States (of which he admits he had knowledge). He therefore is answerable in his own person and estate to the extent of such unpaid tax, *Helen Dean Wright*, 28 B. T. A. 543; *Lillia L. Morris*, 36 B. T. A. 516, and such liability is by section 311 (a) (2) determinable by the Board, *Phillips* v. *Commissioner*, 283 U. S. 589. Cases which consider the liability of the estate or the executor after discharge are manifestly not in point, cf. *Hulburd* v. *Commissioner*, 296 U. S. 300; *Elna S. Evans, Administratrix*, 12 B. T. A. 334; *Elnora C. Haag*, 19 B. T. A. 982; affd., 59 Fed. (2d) 514; *Estate of Lee R. Farrell*, 35 B. T. A. 265; *William B. Weigel et al., Trustees*, 34 B. T. A. 237, affd., 96 Fed. (2d) 387; *Puget Sound National Bank of Tacoma*, 36 B. T. A. 386.

*Decision will be entered for the respondent.*